### BOSWORTH v. WALKER.

(Circuit Court of Appeals, Seventh Circuit. November 8, 1897.)

#### No. 430.

CARRIERS OF PASSENGERS—EJECTION FROM MOVING TRAIN—PERSONAL INJURIES.
  A mere requirement or command by a conductor to a passenger to get off a moving train, when the danger of doing so is evident, if unattended with force, threats, or overpowering intimidation, is not enough to make the railroad company liable for injuries resulting from the passenger's compliance.

Error to the Circuit Court of the United States for the Southern District of Illinois.

The defendant in error, Charles W. Walker, recovered judgment in an action of trespass on the case for personal injury against C. H. Bosworth, as receiver of the Chicago, Peoria & St. Louis Railway Company, plaintiff in error. The declaration contains four counts, the first two of which charge that while Walker was a passenger upon the train of plaintiff in error, going from Edwardsville to Glen Carbon, conducting himself in a peaceable and proper manner, he was compelled and forced, by the threats and violence of the conductor in charge, to leap from the train when it was in rapid motion, whereby he fell, and suffered permanent injury to his left foot. The third and fourth counts, alleging that the plaintiff was on the train conducting himself in a peaceable and orderly way, but not stating whether or not he was a passenger, charge that the servants of the defendant willfully and recklessly ejected him, and by threats and intimidations forced him to leap from the train while running at a high rate of speed, whereby he fell, and was thrown under the cars, and his left foot so crushed that amputation became necessary. The case having been removed from the circuit court of Madison county, Ill., to the court below, and the plea of not guilty interposed, a trial was had by jury, which assessed the plaintiff's damages at $3,000, for which judgment was given as stated.

Of the errors assigned we are asked to consider only those that relate to the special instructions which the court refused give., The facts, in outline, are that on November 6, 1895, the defendant in error, with two companions, boarded a local freight train of the plaintiff in error at Edwardsville, for the purpose of going to Glen Carbon. The train being already in motion, Walker and his companions, instead of entering the caboose designed for passengers, climbed upon a freight car. where the conductor afterwards found them. Walker's testimony, corroborated in important particulars by the testimony of his companions, in substance was that the conductor approached with a club or brake stick in his hand, and demanded fares; that, labor union cards having been offered and refused, cash was tendered, but the conductor, refusing to accept it, said, "You fellows will have to get off here," and made a motion as if to strike Walker with his club, whereupon the latter protested that the train

was going too fast, to which the conductor replied "No, you got on this train while it was going; you get off while it is going," and, approaching nearer with lifted club, compelled him, still protesting, to climb down the ladder, in doing which he lost his hold, fell, and was hurt. This story, in all its essential features, the conductor denied, and testified that he had no club, and made no threats, and that upon his refusal to accept the proffered cards, and informing the men that the fare was fifteen cents for each, they said they had no money, to which he responded, "You will have to get off;" that thereupon the other two climbed down, and got off, and, Walker starting to follow them, he turned away to go back to the caboose; that he did not order the men off the train, but said to them "I cannot carry you," whereupon one of them said, "If he does not want to carry us, we must get off;" that the train was going at the rate of about five or six miles per hour. The conductor's account of the affair is corroborated by a number of witnesses, some of whom were employés of the receiver, and others apparently without interest.

Three of the special instructions asked in behalf of the plaintiff in error were the following: "You are instructed that, even though you should believe from the evidence that the conductor on the train of defendant's road told plaintiff that he would have to get off of the train, and that acting thereupon the plaintiff started to climb down the side of the car, and that thereupon the conductor left him, and started to go to another part of the train, and that the plaintiff, having climbed down the ladder on the side of the car, voluntarily attempted to get off, and in so doing received the injury complained of, your verdict should be for the defendant." "You are instructed that, if you believe from the evidence that plaintiff elected so to do, and started to leave the train on the suggestion or request of his companions, Brockman or Burkley, while the same was in motion, and in attempting so received the injury complained of, he cannot recover, and you should find the defendant not guilty." "You are instructed that, even though you should believe from the evidence that plaintiff was a passenger on defendant's train, and that he was told by the conductor to leave said train while the same was in motion, yet if you further believe from the evidence that at the time he attempted to alight therefrom it was optional with him whether to alight or not, and that he deliberately attempted to alight, and in so doing was injured, he cannot recover." It is asserted that these and similar requests for instructions were embraced in the charge of the court. In that charge occurs the following passage: "If in this case you believe from the evidence that the passage or fare was demanded, and that he failed to pay it, and that force or intimidation was used, or that he was threatened and menaced, or required to get off the train, whether he offered his fare or not (some have sworn that it was offered), if he was trying, as he has sworn, to get off the train when it was running at a speed which made it dangerous if he would try to get off, and in consequence of the speed of the train he was injured, the company will be liable. But if you believe that the train was not running fast enough to make it dangerous for him to try to jump off at the command of the conductor. and that the plaintiff was injured from the result of his own recklessness and negligence, and not from the speed of the train, then he cannot recover. It is a question of fact."

P. B. Warren, for plaintiff in error.

Charles H. Burton, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

While the court instructed the jury quite fully upon the theory of the plaintiff that he was compelled by threats and manifestations of force to leave the train, and that the defendant was liable for an injury so caused, there is in the charge no presentation of the theory of defense, in support of which there is no lack of evidence in the record, that the attempt of the defendant in error to leave the train

while it was in motion was a voluntary act, for the consequences of which the receiver was not responsible. By the charge given the jury was told that the company was liable to the plaintiff if the evidence showed "that force or intimidation was used, or that he was threatened and menaced, or required to get off." That was equivalent to saying that a mere requirement or command of the conductor, unattended with force or threat, was enough. Such a requirement, it may well be supposed, might lead an inexperienced or inconsiderate person to assume or believe that obedience would be safe; but, if the danger is perceived and understood, obedience to such a command is essentially a voluntary act. By his own statement the defendant in error, when required to leave the train, perceived and apprehended the peril of so doing; and, even if he understood the speech of the conductor to be a command which required instant obedience, he was not bound to obey, and, in the absence of force or overpowering intimidation, was not justified in incurring the manifest hazard of attempting to get off while the train was in rapid motion. The dictates of ordinary prudence are not to be disregarded, and no persuasion, request, or command, by whomsoever uttered, can justify the incurring of imminent and obvious risk. The refusal to give any of the requested instructions touching this phase of the case was error which cannot be regarded as immaterial. The judgment of the circuit court is therefore reversed, and the cause remanded, with instructions to grant a new trial.