### TOLEDO, ST. L. & W. R. CO. v. GORDON.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,206.

1. RAILROADS—REMOVAL OF TRESPASSERS FROM TRAINS—MEASURE OF CARE REQUIRED.

The only duty owing by those in charge of a railroad train to one who is on the train without right is to abstain from wanton and reckless injury to him, when rightfully expelled; but that duty is imperative, and whether or not it was observed in any case depends upon all of the circumstances involved, and is a question for the jury, where the material facts are in dispute under the evidence.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 878, 887.

Rights of trespassers on trains, see note to Southern Ry. Co. v. Shaw, 31 C. C. A. 76.]

2. SAME—ACTION FOR INJURY TO TRESPASSER—INSTRUCTIONS.

Instructions considered and approved, in an action against a railroad company to recover damages for the injury of plaintiff by being expelled by the conductor from a moving train of defendant in the night while passing over a trestle, plaintiff being on the train without right, where they in effect charged that to entitle him to recover he must prove by a preponderance of evidence that, while the train was passing over a dangerous portion of the road, which was not known to plaintiff, the conductor, knowing that fact, willfully and wantonly ejected plaintiff or compelled him to jump from the train by commands or threats or demonstrations of violence, such that a reasonably prudent man in a like situation would have yielded to them.

3. SAME—EXEMPLARY DAMAGES.

A railroad company cannot be held liable in punitive damages for the willful and wanton act of a conductor in wrongfully ejecting a trespasser from one of its moving trains in a dangerous place causing his injury, where the company neither authorized nor ratified the act; and the fact that the conductor was not discharged prior to the trial of an action brought by the injured person to recover damages is not sufficient to constitute a ratification.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 906.]

In Error to the Circuit Court of the United States for the Southern District of Illinois.

The defendant in error, George Gordon, was the plaintiff below and recovered verdict and judgment against the Toledo, St. Louis & Western Railroad Company, plaintiff in error, in an action on the case for personal injuries, caused by expulsion from a railroad train. This writ of error is brought thereupon, and the alleged errors which are relied upon for reversal are (1) refusal of the court to direct a verdict of not guilty, (2) refusal of

instructions requested by the plaintiff in error, and (3) an instruction to the jury that punitive damages could be awarded.

The declaration contained five counts, but the court sustained a demurrer to three and withdrew another from consideration as unsupported by the evidence—thus withdrawing all counts which were predicated on the relation of passenger upon the train—and the case was submitted to the jury under the fifth count only, which charges, in effect, wanton and malicious expulsion from the train, with violence, while crossing a trestle in darkness, and willfully causing the injuries sustained by the defendant in error. In other words, the issues were submitted in the view that the injured party was on the train without authority and not entitled to carriage.

The defendant in error, with five other men, returning from the State Fair, arrived at Cowden Junction too late to catch a passenger train for Lerna, their destination. The night was dark and rainy, and they waited in a lumber shed about an hour, when a freight train on the road of the plaintiff in error slowed up for the crossing, bound in the direction of Lerna, and the party entered upon the platforms of the caboose, Gordon and another at the rear platform, and the others at the front. They were discovered by the trainmen, soon after passing the crossing but the testimony is conflicting as to the terms of the altercation and violence used in the expulsion of Gordon; or, as stated in the brief for the plaintiff in error, "there is a wide divergence between the stories of Gordon and his witnesses and that of the" trainmen. These facts, however, are well established: That the conductor insisted upon their jumping from the train while in motion and refused to stop to let them off; that the night was extremely dark and stormy; and that the expulsion of the defendant in error occurred upon a high trestle, causing his fall and serious injury. The conflict is in reference to details of the insistence—the extent of violence in language, threats, or force, rather than the facts of command and threat. On behalf of the defendant in error the testimony plainly tends to prove that the conductor was extremely violent in language and threats, from which physical violence was apprehended, at least, in the expulsion of Gordon; that it was too dark for the latter to discover, and he did not know, that the train was on or near the trestle; and, that he jumped from the step in fear of actual force on the part of the conductor, supposing the place to be reasonably safe and on the level.

The instructions refused and given, on which error is assigned, are sufficiently mentioned in the opinion.

Chas. A. Schmettau, for plaintiff in error.

James Vanse, Jr., for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts). The primary contention, that the plaintiff in error was entitled to a peremptory instruction in its favor, is untenable, as we believe, in any view of the issues of fact under the rule which governs the expulsion of any person from a railroad train when no contract duty exists. In the absence of the relation of carrier and passenger, it is well settled that the only duty then owing one who is on the train without right is "to abstain from wanton or reckless injury to him" (Purple v. Union Pacific R. Co., 51 C. C. A. 564, 114 Fed. 123, 129, 57 L. R. A. 700), when rightfully expelled, but that duty is imperative. Whether it is justly observed in any case depends upon all the circumstances involved—the conditions under which removal was imposed, and not alone the extent of violence in its enforcement. When an issue of fact fairly arises under the testimony, whether the conduct on the part of the railroad company was wanton and reckless in expelling a trespasser from the car, willfully exposing him to imminent danger and

harm, the solution is for the jury under proper instructions and not for the court. It is true that another issue may arise in such case, in reference to the conduct of the injured party, whether, without physical compulsion, he may not have acted voluntarily, and assumed the risk of jumping from the car, in the face of recognized danger (vide Bosworth v. Walker, 27 C. C. A. 402, 83 Fed. 58), which is equally a question of fact for the jury, if the testimony is not conclusive one way or the other. Without needless comment on the testimony in the present record, we deem it sufficient to remark that neither version of the transaction authorized a directed verdict in favor of the plaintiff in error.

The instructions under which the case was submitted to the jury, upon the issue of the alleged willful and wanton conduct on the part of the conductor, clearly defined that issue, and are not open to complaint on the part of the plaintiff in error. A single exception, which is preserved to that portion of the charge, in reference to the authority of the conductor, is plainly without merit.

Upon the further issue, the instructions do not specifically define what may constitute a voluntary act of the injured party and assumption of risk, but the jury were instructed, in plain and repeated terms, that the burden of proof was upon the plaintiff (below) to establish all the allegations; and it was specifically stated that he must prove by the preponderance of evidence "that while the train was moving over a dangerous portion of the road, the conductor, knowing that fact, willfully and wantonly ejected the plaintiff from the train, the plaintiff not knowing the danger of the location," to authorize a verdict in his favor; also that the proof must establish "that the conductor here knew of the trestle and the plaintiff did not know of the dangerous location of the train, and the conductor compelled the plaintiff to jump off by commands or threats or demonstrations of violence, and that those commands or threats or demonstrations of violence were such that a reasonably prudent man in a like situation would have yielded to them and would have jumped off." We are satisfied that no reversible error was committed in this branch of the instructions, and that the jury were well advised and cautioned for their consideration of the evidence, under these issues, or in any view of the burden of proof, without prejudice to the plaintiff in error.

In reference to the several instructions requested on behalf of the plaintiff in error and denied by the court, aside from one relating to exemplary damages, to be considered separately, discussion in detail is deemed unnecessary. Those pressed for consideration, which are not plainly covered by the general instructions, are numbered 3, 4, 5, 7, 10, and 15. Of the first five, it is sufficient to remark that each relates to the act of the plaintiff in error in jumping from the car, and instructs, in effect, that he cannot recover if his act was voluntary. No. 3 instructs against recovery, if warned by the conductor not to get off while on the trestle, and No. 4 that, even if told to get off, he would not be justified in doing so on the trestle, but had the right to disobey such order, when compliance exposed him to obvious danger. No. 5 instructs that, if he knew, or exercising reasonable

care could have known of the peril, he was not bound to obey the command; and, unless he thus left the train, justified in fearing and in actual fear of a vicious assault, he could not recover for the injury. No. 7 defined obedience to such command, when the danger of obeying is perceived and obvious, as "essentially a voluntary act" for the consequences of which there can be no recovery. No. 10 instructs that he could not recover, though ordered to leave, if "it was optional with him whether to get off or not," and he deliberately made the attempt. Upon these requests a general observation sufficiently supports the ruling of the trial court. In so far as either assumes to instruct that Gordon was not entitled to recover, if he was warned or was chargeable with knowledge of the danger incurred, such instruction was fully covered by the general charge. The further requests, defining, in the language of authorities cited, voluntary action which would defeat recovery, if given without modification adapted to the evidence, would tend to mislead the jury, and their refusal was not erroneous. With the jury expressly instructed that the defendant in error must fail of recovery, unless the preponderance of evidence established, not only that he was compelled by the conductor to jump from the moving car, when the night was dark and stormy, but that the conductor knew they were on the dangerous trestle and the defendant in error did not know "the danger of the location," surely the utmost burden authorized under the rules was thus discharged. Whether the command to leave the train was accompanied with physical force does not impress us to be essential under the issue of fact thus framed and found by the verdict, and we are of opinion that error is not well assigned for denial of such requests; nor for denial of request No. 15, which was sufficiently included in the general charge.

The remaining question for review arises upon request No. 21, for an instruction that exemplary damages cannot be recovered, and the instruction which was given instead, that the jury were entitled, in their discretion, to award "punitive damages." Under the decision in Lake Shore, etc., Ry. Co. v. Prentice, 147 U. S. 101, 107, 13 Sup. Ct. 261, 37 L. Ed. 97, the instruction so given was erroneous and presumptively harmful. In this court the rule thus settled is exemplified and followed in Pittsburgh, C., C. & St. L. Ry. Co. v. Russ, 6 C. C. A. 597, 57 Fed. 822, 826. Also, see, notations in 12 Notes U. S. Rep. 297. As remarked in the leading authority first mentioned, the decisions contra in various state courts are disapproved, and this rule is adopted: The principal must respond in full compensatory damages for injury wantonly caused by an agent in the line of his employment, but not for exemplary damages, unless the wrongful act in question was authorized or ratified by the principal. Comment on the line of cases thus disapproved is unnecessary, and it is not open to question that the allowance of exemplary damages was reversible error. It would, indeed, be a harsh rule—harsh in its effect on all employés—that would hold a railroad company to have ratified the employé's act merely because before trial the employé was not discharged. Such rule would put their continued employment in jeop-

ardy every time an accident occurred, not because the employé was shown to have been guilty of wanton conduct, but because the railway company stood in danger that wantonness might be established. In reference to the case of Bass v. Chicago & Northwestern Ry. Co., 42 Wis. 654, 669, 672, 24 Am. Rep. 437, cited as supporting the instruction, within the doctrine of ratification, it may well be remarked that no such issue of fact was submitted to the jury by this instruction, as in that case; and were it assumed, without so intimating, that the peculiar circumstances which there appeared, including two prior trials, were sufficient evidence of ratification to uphold the verdict, nevertheless the evidence in the present record is plainly insufficient to establish, as a conclusion of law, that the alleged wanton acts of the conductor were ratified by the plaintiff in error.

The judgment is reversed, for error in such instruction, and the cause remanded for a new trial.