## DARRIN v. CAPITAL TRANSIT CO.

### No. 1220.

Municipal Court of Appeals for the
District of Columbia.

Argued June 30, 1952.

Decided Aug. 5, 1952.

Rehearing Denied Aug. 25, 1952.

David Darrin, pro se.

Edwin A. Swingle, Washington, D. C., with whom Ernest A. Swingle and Allan C. Swingle, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Plaintiff (appellant) brought an action in the United States District Court to recover from defendant (appellee) damages alleged to have been sustained in a collision between his automobile and a streetcar of defendant company. In addition to damage to his automobile he alleged that while he had not been physically injured he "sustained severe mental shock, with subsequent occasional, momentary loss of control of the muscles of the hand." After pre-trial the District Court certified the case to the Municipal Court for trial under authority of Code 1940, Supp. VII, 11–756.[1]

At the trial in the Municipal Court the judge ruled that there was not sufficient evidence to warrant submitting to the jury the claim of damage for mental shock or "nervous injury." He also ruled out plaintiff's claim for punitive damages. Ac-

---

[1] This section provides that the District Court may certify to the Municipal Court for trial an action commenced in the District Court if it appears at the pre-trial hearing thereof that the action will not justify a judgment in excess of $1,000.

cordingly he submitted the case to the jury on the question as to whether plaintiff was entitled to recover for the damage to his automobile. The verdict was in plaintiff's favor, but he has brought this appeal on the ground that he was also entitled to recover punitive damages and damages for mental shock.

Appellant has made fourteen assignments of error, some of which are rather difficult to discuss because they are very general in nature. Others have no real bearing on this appeal and would have been material only if appellant had lost on the fundamental question of the transit company's negligence. For example he charges that the trial court failed "to watch out for illegal trickery by the appellee," failed "to detect, expose, and punish obvious perjury," and that the court curtailed "important truthful testimony by appellant." None of these alleged errors resulted in the slightest injury or prejudice to appellant since the jury decided in his favor and held defendant liable. The same is true of appellant's claim that he was not permitted to introduce the personnel record of the operator of defendant's streetcar which he claims was admissible for a number of reasons. But the record if admitted could not have accomplished more for appellant than he received at the hands of the jury: a favorable verdict on the issue of defendant's liability.

The same is also true of all appellant's criticisms (save one) of the judge's charge to the jury and of instructions given and refused.

The one instruction which requires discussion is that in which the judge limited the area of plaintiff's recovery to property damage and told the jury that because of insufficient evidence they were to give no consideration to plaintiff's claim for mental shock and its consequences.

As we have already observed, appellant admitted in his complaint that he had not been physically injured in the collision. His testimony was to the same effect, but he described certain symptoms (which we shall discuss a little later) on which he based his claim for mental shock.

The law on this question was settled for this jurisdiction some years ago in Perry v. Capital Traction Co., 59 App.D.C. 42, 32 F.2d 938, 940. That case also involved a collision between an automobile and a streetcar and the two plaintiffs claimed injury to their nervous systems. The trial court limited recovery to damages resulting from physical injury and mental pain and suffering incident to such physical injuries, and ruled out any recovery for mental pain or suffering caused by shock, not traceable to the physical injuries. On appeal this ruling was sustained, the court saying, "Where there has been a substantial physical injury, medical testimony and common knowledge may furnish a guide for measuring the pain and suffering incidental to the injury; but when, as here, there has been no substantial physical injury, a jury ought not to be permitted to indulge in conjecture and speculation as to the effects of alleged nervous shock or fright."

Although differing views of this question have been expressed elsewhere,[2] there has been no modification of the doctrine of the Perry case in this jurisdiction and it governs this situation.

But even aside from the legal question it is very plain that appellant made out no factual case to support his claim of mental suffering or shock. He testified that he received no physical injury at the time of the accident but that he subsequently experienced an occasional relaxation of the muscles in his right hand thereby causing him to drop things. He said: "It is not a pain effect. There is no pain experienced. * * * there's no discomfort experienced, but there is the effect that momentarily I am liable to drop something from my hands." He said he was able to overcome this effect only by concentrating on his actions. (It may here be noted that appellant is sixty-five years old.) Though he attributed this condition to the

2. See, e. g., Resavage v. Davies, Md., 86 A.2d 879; Mahnke v. Moore, Md., 77 A.2d 923; Cote v. Litawa, 96 N.H. 174, 71 A.2d 792, 18 A.L.R.2d 216.

collision, his opinion was not borne out by a neurologist whose written report he submitted in evidence. The report which was made by the neurologist to appellant's physician gave a full review of the results of an examination of appellant, described his symptoms and complaints in considerable detail and concluded: "It is my impression that these symptoms are not related to the accident but the patient was informed that any nervous shock which may have resulted from the trauma is, of course, entirely subjective and could not be revealed by the course of an ordinary examination. He is certainly not suffering from a major functional disorder."

The weakness of plaintiff's claim becomes apparent upon a factual comparison with the Perry case where two physicians testified that the impairment to the nervous systems of the plaintiffs was brought about solely by nervous shock or fright *caused by the accident.*

We must hold that on the facts as well as the law the trial court was right in refusing to submit to the jury that part of appellant's claim which rested on mental shock or "nervous injury."

There remains for discussion plaintiff's claim that in addition to his compensatory recovery he was entitled to punitive damages. It has recently been held that punitive damages are awarded against a person to punish him for his outrageous conduct. It must be something more than ordinary negligence: it must be reckless and of a criminal nature and clearly established. Chesapeake & Potomac Tel. Co. v. Clay, D.C.Cir., 194 F.2d 888. To support his right to claim exemplary damages appellant in his complaint characterized the impact of the streetcar with his automobile as an "attack" and also charged the defendant with gross negligence. If there were any evidence in the transcript to indicate that the operator of the streetcar was deliberately setting out to inflict an intentional injury upon appellant, an instruction on punitive damages would have been warranted, see Clark v. Associated Retail Credit Men, 70 App.D.C. 183, 105 F.2d 62, but then only if the wanton or wilful act was shown to have been ratified by the corporate principal. See Aetna Life Ins. Co. v. Brewer, 56 App.D. C. 283, 12 F.2d 818, 46 A.L.R. 1499, citing Lake Shore & M. S. Ry. Co. v. Prentice, 147 U.S. 101, 13 S.Ct. 261, 37 L.Ed. 97; 4 Restatement of the Law of Torts, § 909(d). But from our reading of the entire transcript we think the most that can be said for appellant's evidence is that it established a want of ordinary care on the part of the defendant. That being so it would have been error to permit the jury to consider the question of punitive damages.

Other assignments of error not specifically mentioned above are nevertheless covered by what we have said, or have no applicability to the facts, or are without legal merit.

Affirmed.