## TURNER v. ERWIN et al.

### No. 1353.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 24, 1953.

Decided Sept. 11, 1953.

Irvin Barnes, Washington, D. C., for appellant.

Denver H. Graham, with whom Albert E. Brault, Washington, D. C., was on the brief, for appellee Imogene Erwin.

Robert J. Corber, with whom William B. Devaney, Washington, D. C., was on the brief, for appellee Atlantic Greyhound Corp.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant Turner and appellee Atlantic Greyhound Corporation, hereafter called Greyhound, were sued by appellee Erwin for damages resulting from injuries she sustained while a passenger in a Greyhound

bus which collided with an automobile operated by Turner. Greyhound cross-claimed against Turner and he counter-claimed against Greyhound. The case was set for pre-trial and notice thereof given all parties. Turner's attorney did not appear at pre-trial although the other attorneys were present. The court attempted to reach Turner's attorney by telephone but he was not in his office. Word was left with his secretary, but nothing was heard from him and after some wait the pre-trial was continued to a fixed date. Notice of the postponed date was twice given Turner's attorney by telephone calls to his office. On the postponed date Turner's attorney again failed to appear. After an unsuccessful attempt to reach him by telephone, the court granted judgments by default against Turner on Erwin's complaint and Greyhound's cross-claim and dismissed Turner's counterclaim. Two letters from the other attorneys, one by messenger and the other by registered mail, were sent to Turner's attorney informing him of the action taken and notifying him that a date had been set for the taking of ex parte proof on the question of damages. On that date Turner's attorney failed to appear and proof of damages was received and jury verdicts rendered. It would appear that on that date Turner's attorney prepared a motion to set aside the default judgment, but for some reason not disclosed he did not file the motion until nearly two weeks later. The only ground given by the motion for setting aside the default was: "That through the inadvertence of counsel for the defendant by the misplacement of the files herein, that the pre-trial date was mistaken." The motion was denied and this appeal is prosecuted by Turner through other counsel.

The record discloses a complete neglect by an attorney of his duty to both his client and the court. A bare statement concerning "misplacement of the files" is no excuse for such neglect. The trial court rule 16 relating to pre-trial procedure provides: "If any party fails to appear at the pre-trial hearing, the court may act as in case of nonappearance for final trial." Rule 39B provides that when a case is called for trial and the party seeking affirmative relief fails to appear, his claim may be dismissed and when a party against whom affirmative relief is sought fails to appear, judgment may be entered without trial subject to rule 55 which rule relates to entry of default judgment. The action of the court was thus in accordance with its rules and appears to be in accord with the practice in federal courts. See Moore's Federal Practice (2d ed.) § 16.07; Barron & Holtzoff, Federal Practice and Procedure § 473. The record totally fails to show any abuse of discretion by the trial court in entering the defaults or in refusing to set them aside.

Present counsel for appellant does not attempt to excuse the neglect of former counsel but directs his argument to the point that Turner was personally unaware of the neglect of his counsel and upon learning of it discharged him and retained new counsel. Courts are naturally reluctant to penalize a litigant for the neglect and omissions of his attorney, but it is a well-settled general rule that one who comes into court through counsel of his own choice is bound by the actions of his counsel and must accept the consequences whether good or bad.

Affirmed.