**Geraldine V. DE FOE and Eva P. DeFoe, Appellants,**

v.

**POTOMAC ELECTRIC POWER COMPANY, a corporation, Appellee.**

No. 1793.

Municipal Court of Appeals for the District of Columbia.

Argued May 14, 1956.

Decided July 6, 1956.

Eva P. DeFoe, pro se.

Thomas E. O'Dea, Washington, D. C., with whom Cornelius Means, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This controversy arises out of a claim by the appellants that the appellee, a corporation, improperly disconnected the electric current serving the apartment occupied by them, resulting in inconvenience, embarrassment and physical discomfort, for which they both claim compensatory and punitive damages.

There seems to be no dispute concerning the following facts: The appellant Geraldine V. DeFoe is the daughter of appellant Eva P. DeFoe; they lived together in an apartment in this city, the daughter being the lessee; the landlord always paid for the

electrical current furnished to the apartment. Neither of the appellants ever had a contractual relationship with the company for the furnishing of current; on November 4, 1954, the company received a telephone call purportedly from the landlord, advising it that he no longer desired current in the apartment occupied by the DeFoes; in accordance with this request it sent one of its employees to the DeFoe apartment with instructions to disconnect the electric service, unless the person occupying the apartment would sign a contract for the service.

From this point forward the facts are in dispute; appellant Eva P. DeFoe testified that the representative of the company insisted that she not only assume responsibility for future service but also for an outstanding bill for current previously furnished; the company's representative testified that he only insisted on assumption of liability in the future and not for the past obligation; that Mrs. DeFoe refused to agree to this proposal and accordingly, acting under the instructions of his employer, he disconnected the service.

It is conceded that the above transaction occurred on Friday, November 5, 1954; that later in the same afternoon the landlord telephoned the company requesting that the current be restored; that the restoration took place the following Monday, November 8th.

The amended complaint claimed $1,500.00 compensatory and $1,500.00 punitive damages for each appellant.

The case was tried before a jury; the court directed a verdict in favor of the company on the claim of Geraldine V. DeFoe, the daughter, and withdrew from the jury the claim for punitive damages of Eva P. DeFoe, the mother; it returned a verdict for the company on the mother's claim for compensatory damages. Both mother and daughter appeal.

A number of errors are assigned; we discuss some of them.

■ 1. The company is required by law to supply electric service in the District of Columbia to anyone who properly applies for it; while the daughter was the lessee of the apartment, she at no time requested such service; whatever her claim against the lessor may be, because of his failure to provide electricity for the time in question, she has none against the company; the trial court properly directed a verdict adverse to her.

■ 2. The jury was confronted with a sharp conflict of evidence between the mother and the agent of the company; it was its function and duty to decide which witness to believe; by its verdict it demonstrated that it accepted the testimony of the company's witness; this court has no right to disturb its findings.

3. While admitting that the rule of this jurisdiction permits the finding of punitive damages, even though no compensatory damages are awarded,[1] the company contends inasmuch as the jury found not only that there was no damage suffered by the mother but in addition found no breach of duty at all, the rule enunciated by the Wardman-Justice case would have no application. We find it unnecessary to decide this question because we are of the opinion that the necessary prerequisites to justify punitive damages are absent.

■■ As a predicate for awarding exemplary damages against a corporation, because of the acts of its agent, it must first be found that the acts of the agent were unlawful, partaking somewhat of a criminal or wanton nature and that they were characterized by willfulness, wantonness and malice and such conduct must be clearly established;[2] the evidence here does not meet these tests.

1. Wardman-Justice Motors v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648.

2. Chesapeake & Potomac Tel. Co. v. Clay, 90 U.S.App.D.C. 206, 194 F.2d 888; Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d

■ Assuming that the above test was met, the corporation is still not liable unless it be shown that an officer or director of it authorized or ratified the act in question either before or after it was committed.[3]

Our case of Safeway Stores v. Gibson, D.C.Mun.App., 118 A.2d 386, is not in conflict with this rule; we held in that case that there was sufficient evidence of both authorization and ratification to justify the submission of the case to the jury; in the instant case no such evidence was proffered.

■ Complaint is also made that the trial judge should have disqualified himself from sitting in the case because he was acquainted with several officers of the company and that at one time he had owned an interest in the Washington Railway and Electric Company, at the time it owned a controlling interest in the appellee company. It should be noted that the judge, sua sponte, at the very outset of the case, called these facts to the attention of the then counsel for the appellants and that he agreed there was no reason why the judge should not continue to sit.[4]

We have carefully considered the other errors assigned by the appellants and find them to be without merit; we are definitely of the opinion that the trial judge fairly and impartially presided at the trial and that his rulings were in compliance with the settled law of this jurisdiction.

Affirmed.

464; Sommerville v. Chesapeake & Potomac Telephone Co., 49 App.D.C. 3, 258 F. 147; Darrin v. Capital Transit Co., D.C.Mun.App., 90 A.2d 823.

3. Lake Shore & M. S. R. Co. v. Prentice, 147 U.S. 101, 13 S.Ct. 261, 37 L.Ed. 97; Washington Annapolis Hotel Co. v. Riddle, 83 U.S.App.D.C. 288, 171 F.2d 732; Aetna Life Ins. Co. v. Brewer, 56 U.S. App.D.C. 283, 12 F.2d 818, 46 A.L.R. 1499.

4. Turner v. Erwin, D.C.Mun.App., 99 A.2d 222.