## WILSON *v.* VAUGHN and others.

*(Circuit Court, D. Kansas.  March 4, 1885.)*

EXEMPLARY DAMAGES—WILLFUL REFUSAL OF COUNTY COMMISSIONERS TO LEVY TAX TO PAY JUDGMENT.

In an action against county commissioners to recover damages for a willful refusal on their part to levy a tax on taxable property in a township to pay off a judgment held by plaintiff against such township, in obedience to a peremptory writ of *mandamus* from the United States circuit court, plaintiff will be entitled to recover exemplary or punitive damages, although the actual damage sustained by him was merely nominal.

Motion for New Trial.

*Botsford & Williams*, for plaintiff.

*Ritter & Anderson*, for defendants.

FOSTER, J. This action was brought by the plaintiff against the defendants, who are the commissioners of the county of Cherokee, to recover damages for a willful refusal on the part of the said commissioners to levy a tax on the taxable property of Salamanca township, in said county, to pay off a judgment held by plaintiff against said township, in obedience to a peremptory writ of *mandamus* from this court. The recovery of the judgment, the issue and service of the writ commanding the levy of the tax, and the willful disobedience thereof, by the defendants, were admitted on the trial, and two of the defendants on the witness stand testified that it was not their purpose to levy the tax hereafter. The plaintiff claimed as his damages the full amount for which the writ was issued,—about $19,000.

On the trial the court instructed the jury as follows:

"*Gentlemen of the Jury·* In this case, under the pleadings and evidence, the plaintiff is entitled to recover against the defendants, as it was clearly the duty of the defendants to have levied the tax as commanded in the peremptory *mandamus*, and which they willfully refused to do. The plaintiff is entitled to recover his actual damages sustained by reason of such failure and refusal on the part of defendants. But inasmuch as he has not lost his debt or judgment, or any part thereof, and as there is evidence to show that the debtor township is fully able to respond to his debt, and that the refusal of the defendants to levy the tax has only delayed the collection of his debt and the

accruing interest, his damages are consequently presumed to be but nominal, and you will so find in your verdict.

"In this case there is also another element of damages under which the plaintiff may also recover, and that is exemplary or punitive damages. The action of the defendants, to say nothing of being a contemptuous disregard of the mandate of this court, was oppressive of the plaintiff, and a clear and willful violation of his legal rights, and, in my opinion, presents a case for consideration of exemplary damages on the part of the plaintiff against the defendants. I cannot lay down any definite rule to govern you in fixing these damages. They are given by the law as a punishment of an aggravated violation of plaintiff's rights, and they should be such as, under all the circumstances and facts shown, are commensurate with the offense; and this you, gentlemen, in the exercise of your sound judgment, are to fix and determine under the evidence produced in the case.

"The court instructs the jury that this, being an action of tort, in which defendants' refusal was willful, continuous, and unlawful, you are at liberty to award plaintiff exemplary damages against defendants, in addition to the damages awarded, as and by way of compensation to plaintiff. The court instructs the jury that on the issues made by the pleadings, and on the uncontradicted evidence in the case, your verdict must be for plaintiff, finding the issues in his favor."

The jury returned a verdict for plaintiff for $500, and the defendants now move the court to set aside the verdict and grant a new trial, for error of law in the said instructions to the jury.

The particular matter excepted to is that part of the charge in reference to exemplary or punitive damages. The defendants claim that, as the compensatory or actual damages sustained by the plaintiff were but nominal, he cannot recover exemplary damages. In support of this rule counsel have cited two cases,—*Stacy* v. *Portland Publishing Co.* 68 Me. 387, and *Maxwell* v. *Kennedy*, 50 Wis. 647; S. C. 7 N. W. Rep. 657. The former was an action for libel, and the latter for slander. In the action for libel the trial court refused to instruct for plaintiff for exemplary damages *eo nomine*, but told the jury they might add as actual damages for any aggravation of the elements of injury occasioned by the express malice of the person who published the article complained of. The jury gave the plaintiff one dollar damages; and the court refused to reverse the case, and remarked, among other things, as follows:

"Taking the case as it resulted, we are satisfied that the plaintiff has sustained no injury in this respect. The legal signification of the verdict is either that there was no actual and express malice entertained towards plaintiff by the defendant's agent, or that, if there was, it did the plaintiff no injury."

In the slander case the trial court instructed the jury that certain mitigating circumstances shown by defendant should be considered by them in reduction of compensatory damages only, and not exemplary damages. The appellate court held this to be error; that no distinction should have been made between the two classes of damages in respect to mitigation. Both cases support the rule contended for by these defendants in cases of that kind. Whether that doctrine

may be generally regarded as accepted law in such cases, I have not sufficiently examined the books to form an opinion. But, if such is the fact, I do not think the rule can be applicable to a case of this kind.

In *Day* v. *Woodworth*, 13 How. 371, the supreme court lay down the law as follows:

"It is a well-established principle of the common law that in actions of trespass, and all actions on the case for tort, a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense, rather than the measure of compensation to the plaintiff. * * * By the common as well as by statute law men are often punished for aggravated misconduct, or lawless acts, by means of a civil action, and the damages inflicted, by way of penalty or punishment, given to the party injured."

In *Milwaukee R. Co.* v. *Arms*, 91 U. S. 493, the court, speaking of damages, say:

"In ascertaining its extent, the jury may consider all the facts which relate to the wrongful act of the defendant, and its consequences to the plaintiff: but they are not at liberty to go further unless it was done willfully, or was the result of that reckless indifference to the rights of others which is equivalent to an intentional violation of them. In that case the jury are authorized, for the sake of public example, to give such additional damages as the circumstances require. The tort is aggravated by the evil motive, and on this rests the rule of exemplary damages."

The supreme court of Kansas has held, in a case of trespass *quare clausum fregit*, that exemplary damages may be recovered where the compensatory damages are but nominal. *Hefley* v. *Baker*, 19 Kan. 9.

1 Suth. Dam. 724, 748, states the rule in the following language:

"If a wrong is done willfully,—that is, if a tort is committed deliberately, recklessly, or by willful negligence, with a present consciousness of invading another's rights or of exposing him to injury,—an undoubted case is presented for exemplary damages. One who does an act maliciously must be careful to see that the act is lawful, otherwise, though the actual injury may be slight, the exemplary damages may be considerable."

In the case at bar the plaintiff is deprived of a clear legal right through the wrongful and willful conduct of the defendants. They alone have the power to levy the tax, and it is their duty, under the law and the command of the court, to levy it. By no other means can the plaintiff obtain his rights, and it cannot be denied that the action of the defendants is wrongful and oppressive. It was held by the court that the plaintiff's compensatory damages are but nominal, as he has not lost his debt, but has only suffered delay in its collection; but it is in the power of these defendants and their successors in office, by defying the law, to delay him indefinitely in its collection. It is said that defendants can be, and have been, punished for contempt in refusing to obey the writ of *mandamus*. That is true; but that punishment is not to redress the wrong done the plaintiff, but rather to vindicate the authority and dignity of the court. The defendants have been committed to the custody of the marshal

for imprisonment until they comply with the commands of the writ; but in a community where the popular sentiment is all adverse to levying the tax, it is likely the imprisonment of defendants, like the plaintiff's compensatory damages, is but *nominal*. A tax-ridden people are deserving of sympathy, especially when the burden has been fraudulently imposed, though it was done by the dishonesty of their own agent; but neither courts nor communities can afford to deny to any orator the exact letter of his legal rights; and it is not a pleasant or consistent thing to inveigle against nullification of the laws, and cry out "law and order," and in the same breath applaud nullification, lawlessness, and disorder.

The motion to set aside the verdict and for a new trial must be overruled.