Mr. Justice James
delivered the opinion of the Court:
This is an action of trover, in which the plaintiff seeks damages to the extent to which the property was used during the conversion.
The testimony upon which the bill of exception is based tended to show, on the part of the plaintiff, that ho placed a bicyle in the hands of the defendant to be sold, and told him that if it should be necessary to a sale they might use it and “show it to the boys.” The defendant states the same thing.
The defendant further testified that on a certain Sunday he joined a party of-friends (members of the same club as himself, and owners of bicycles), and went out east of the Capitol, and there crossed a square where some excavation of gravel was going on ; that in crossing that square they attempted to mount an acclivity of some twenty to thirty degrees; that all of them fell except one in making the ascent; that he himself fell the first time ; that he made a second attempt, when the bicycle broke.
The defendant had the instrument repaired, and made certain offers to pay the expense of any further repair, in case the first repairs were not found to be sufficient. After-wards the plaintiff received and used the bicycle.
The defendant asked an instruction that a simple return of the bicyle and acceptance of it by the plaintiff would cut *280 off his action. That is not correct. A plaintiff in trover may receive back the article over which acts of ownership have been exercised by another, and recover such .damages as he has actually suffered. If the damages are so serious that he does not consider his property worth anything, he can refuse to receive it back and recover for the entire value. There is no error in the court’s refusing that instruction.
It is claimed, however, that in charging the jury as to whether there was a conversion by a use in a way not authorized, the court committed an error by telling the jury that they might consider the purpose for which this ride was taken. Iiis honor’s statement was as follows : “ I think that he, the defendant, had no right to use the machine for the double purpose of pleasure and exhibition; but if the pleasure followed necessarily from the exhibition, then, of course, he had a right to ride if it wa's for the purpose of exhibiting it. But if lie might just as well have taken some other machine for that purpose, if he ivas not riding it for the purpose of a sale, and the sole purpose of exhibiting it and advancing the interest of the owner, and if it was mixed up with a desire to have some recreation, why, I think, that would make him liable prima facie.”
It appears, further, that during the charge, a juror asked : “ Supposing it was a combination of purposes, how would it be then?” and to that the court replied : “I think the defendant would be liable.”
It is not easY to state just how the instruction should have been expressed, but wo think there was error in allowing the jury to understand that the mere admixture of a. purpose of pleasure would establish a use in a way that was not authorized. If the excursion ivas undertaken in good faith as a means of exhibiting the machine with a view-to securing a sale, it is not material that the .defendant was induced partly by considerations of pleasure to select that opportunity for - exhibition. The practical value of proof that the defendant had a personal motive of pleasure would *281 fee that it might help to determine whether the defendant was occupied at all in exhibiting for a market. In other words, it .would be proper evidence on the question whether it was a business ride at all, or was undertaken solely for personal pleasure.
We may add that we grant a new trial with reluctance, and only with a view to secure a correct rule in cases where such double motives in using property are shown.

■Judgment reversed and a new trial' granted.