## WARDMAN–JUSTICE MOTORS, Inc., et al. v. PETRIE.
### No. 4891.

Court of Appeals of District of Columbia.

Argued Feb. 6, 1930.

Decided March 3, 1930.

Rehearing Denied March 8, 1930.

D. T. Wright, of Washington, D. C., for appellants.

John P. Earnest and Geo. B. Springston, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District of Columbia awarding appellee, Edith M. Petrie, plaintiff below, damages against the appellant for the alleged illegal and malicious seizure of her automobile.

It appears that plaintiff was the owner of the automobile in question, purchased from a salesman in the employ of the Justice Motor Company, which was subsequently merged with the defendant corporation; that the employees of said corporation seized the car where it was parked on the street by plaintiff, in her absence, and took it to the place of business of the said corporation. Plaintiff replevined the car, and, upon a trial by jury to determine the ownership thereof, she was awarded possession, together with a judgment for costs and one cent damage for detention.

Plaintiff then brought the present suit for damages for the alleged illegal, malicious, and wrongful taking of the car. On trial, the jury awarded plaintiff "five hundred ($500.00) dollars punitive damages." The judgment thereafter was amended on motion of counsel for defendants by adding thereto the words "and no compensatory damages." As we shall observe later, this neither adds nor detracts from the force and effect of the original verdict and judgment.

Appellants rely for reversal of the judgment upon four grounds:

"1. The matter is res judicata.

"2. Exemplary damages cannot be assessed against a corporation unless the act complained of is conceived in the spirit of malice.

"3. Punitive damages cannot be assessed in the absence of compensatory damages.

"4. Error in the admission and exclusion of evidence."

The replevin suit was brought in conformity with the provisions of the District Code. Section 1559 provides in respect of damages: "The damages shall be the full value of the goods, if eloigned by the defendant, including, in every case, the loss sustained by the plaintiff by reason of the detention, and judgment shall pass for the plaintiff accordingly." Section 1562 provides: "The judgment in such cases shall be that the plaintiff recover against the defendant the value of the goods as found and the damages so assessed, to be discharged by the return of the things, within ten days after the judgment, with damages for detention, which the jury shall also assess."

It will be observed that the statute provides that, if the goods are not recovered in the replevin proceeding, or returned within ten days after judgment, the plaintiff shall be entitled to judgment for the value of the goods as damages, and also damage for the detention; but, where the goods have been recovered in the replevin action, as in this case, or returned, then the judgment for damages shall be for detention only.

In Crockett v. Miller, 112 F. 729, 735, the Circuit Court of Appeals for the Eighth Judicial Circuit had before it a case closely analogous to the case at bar, which depended upon a construction of the statutes of Nebraska relating to replevin. The facts in the case briefly were that one Belle Miller was the owner of a stock of merchandise contained in a store at Creighton, Neb., and had in her employ one Horkey, who formerly owned the store. An execution was levied upon the stock of merchandise by a judgment creditor of Horkey. An action in replevin followed, which resulted in a judgment for the return to Miller of her goods, and for one cent damages and costs. Thereupon Miller instituted suit in the Circuit Court of the United States for the District of Nebraska against Crockett, the sheriff, and the sureties on his official bond to recover the sum of $5,000 damages, alleged to have been sustained by her in loss of credit and business standing as the result of the malicious conduct of the sheriff in making the levy; and for a further sum of $1,000 alleged to have been paid out and expended by her as attorney's fees and expenses. The trial resulted in verdict and judgment for $2,157.11. The chief assignment of error was the refusal of the trial court to hold that the judgment in the replevin suit was res adjudicata.

It will be observed that the case, in all particulars, is closely analogous to the case at bar. Section 4701 of the Consolidated Statutes of Nebraska, relating to replevin, provided as follows: "In all cases where the property has been delivered to the plaintiff, where the jury shall find for the plaintiff, on an issue joined, or on inquiry of damages upon a judgment by default, they shall assess adequate damages to the plaintiff for the illegal detention of the property; for which, with costs of suit, the court shall render judgment for defendant."

The court, after reviewing a number of authorities relating to the measure of damage which can be allowed in a replevin action, stated the rule as follows: "The only damages which can be recovered by a plaintiff in an action of replevin under the statutes of Nebraska as construed by the supreme court of that state, where the property has been delivered to the plaintiff, are interest on the value of the property during the time plaintiff is deprived of its possession, the injury or damage done thereto by the officer in taking the same and while in possession thereof, and, in some cases, the usable value or the value of the use of the property while so detained. * * * Accordingly it follows that the collateral or consequential damages occasioned by a seizure of property by the officer against whom the replevin suit is brought, such as injury to the business reputation, credit, and standing of the plaintiff occasioned by the malicious conduct of the officer making the seizure, coupled with the express purpose and intention of so injuring the plaintiff, are not within the purview of the statutory damages flowing from the unlawful detention of property, within the meaning of replevin acts. They are totally different from them, in that they do not flow proximately from the act of detention merely, but are special and consequential damages, arising out of facts specially pleaded in this case showing an intention to inflict them."

The court then held that the expenses, attorney's fees, etc., incurred in the replevin case were not a proper subject for judgment under the detention clause of the replevin act, but were a proper subject for damages in the subsequent action for malicious trespass. After full discussion, the court reached the following conclusion: "For the foregoing reasons, the defendants' contention that the claim asserted in this action is res adjudicata cannot prevail."

In that case, as in the present, the question of estoppel was raised. It was there contended that the plaintiff was estopped from

prosecuting the action for malicious trespass "by the doctrine of election of remedies." The court, holding that the action for malicious trespass for seizing the goods of the plaintiff is not inconsistent with the replevin suit, said: "A replevin action has for its immediate object the restoration to the plaintiff of his goods, and affords the incidental remedy of recovering the direct and limited damages occasioned by the mere detention thereof. The action for malicious trespass has for its object, not the restoration of the goods, and not the direct damages occasioned by their detention, but consequential damages resulting solely from the malicious conduct of the officer, which must be specially pleaded and proved, and which, as already seen, could not have been recovered in the replevin suit."

It is contended by counsel for appellants that the cause of action for vindictive damages could have been included in the replevin proceeding, and that plaintiff will not be permitted to thus split her cause of action. This court had occasion to consider that question in Tribby v. O'Neal, 39 App. D. C. 467. In that case the appellee, O'Neal, was the owner of a piano which was wrongfully seized by a judgment creditor of one Shortsleeves. The piano was recovered in a proceeding for the trial of the right of property under section 33 of the D. C. Code. O'Neal then brought suit for damages growing out of the alleged unlawful and malicious seizure and detention of the piano. In that case the court held that the former action was not res adjudicata of the latter action, and that the two actions did not amount to a splitting of the cause of action. On this point the court said: "It is a familiar rule that one cause of action cannot be split up and sued upon in several suits. The test, we think, is whether the remedies pursued in two or more suits could have been included in one. Appellee could not have proceeded in trover, where she could have recovered the value of the piano, and then have brought an action in trespass to recover vindictive damages, for she could have recovered both in trespass. For the same reason it will not be urged that she could have been compelled to adopt replevin, and lose her right to vindictive damages. The judgment in one suit will be a bar to another suit only when a remedy exists which insures the same relief sought in the two separate actions. Applying this test to the case at bar, the remedy pursued by appellee in the former suit was not res judicata of the present action." It was also held that, had ap-

pellee elected to bring replevin or trover, she would have been precluded in that action from recovering vindictive damages.

■ Coming to the second assignment of error as to whether exemplary damages can be "assessed against a corporation unless the act complained of is conceived in the spirit of malice," it is settled law that corporations may incur liability for exemplary damages as well as private persons. To hold a corporation liable, it must appear that the trespass was committed by a servant acting within the scope of his employment, and that the servant's act was either authorized or ratified by officers of the corporation having authority to speak for it. The testimony in this case discloses that an agent of the company, who was "employed specifically for the purpose of picking up cars on unpaid notes, etc.," was directed by Mr. Justice, the vice president of the company, to seize the car in question. At the time of the seizure, Rutledge, the agent, notified the police that the car had been taken for an unpaid note due the company, when in truth and in fact no such note existed. This testimony was not contradicted by Mr. Justice, and must be accepted as sufficient to establish, not only that the seizure was made by authority of the company, but that from the evidence the jury was justified in finding that the act was malicious. As to the authority of Justice, the vice president, to bind the company, there can be no question. "The president and general manager, or, in his absence, the vice president in his place, actually wielding the whole executive power of the corporation, may well be treated as so far representing the corporation and identified with it that any wanton, malicious, or oppressive intent of his, in doing wrongful acts in behalf of the corporation to the injury of others, may be treated as the intent of the corporation itself." Lake Shore & Michigan Southern Railway Company v. Prentice, 147 U. S. 101, 114, 13 S. Ct. 261, 265, 37 L. Ed. 97.

■ The action in replevin is a speedy statutory remedy to recover possession of property wrongfully taken and detained, together with damages incident merely to the detention. It is not a substitute for or bar to an action in tort for consequential damages, such as loss of credit, injury to business, or resulting humiliation arising from the malicious acts attendant upon the wrongful seizure and dispossession of the property.

■ The third assignment of error challenges the power to assess punitive damages in the

absence of compensatory damages. In many of the states the rule prevails that actual damages must be established as a basis for the assessment of punitive damages, but this is not the federal rule nor the rule applied in this district. In Press Publishing Company v. Monroe (C. C. A.) 73 F. 196, 201, the federal rule as to the awarding of exemplary damages is stated as follows: "Plaintiff in error contends that the court erred in instructing the jury that it might award exemplary damages. That in certain classes of cases juries are authorized to give punitive or exemplary damages to punish a wrongdoer and to deter others from the commission of a like wrong is well-settled law in the federal courts and in the courts of this state. [N. Y.] Day v. Woodworth, 13 How. 370 [14 L. Ed. 181]; Railroad Co. v. Arms, 91 U. S. 489 [23 L. Ed. 374]; Voltz v. Blackmar, 64 N. Y. 440. In such cases exemplary damages may be given in addition to what may be proved to be the actual money loss of the plaintiff. It is contended, however, that when no actual damages are proved, exemplary damages should not be allowed. (Citing a number of state cases). * * * They are, however, plainly at variance with the theory upon which exemplary damages are awarded in the federal courts, namely, as something additional to, and in no wise dependent upon, the actual pecuniary loss of the plaintiff, being frequently given in actions 'where the wrong done to the plaintiff is incapable of being measured by a money standard.' Day v. Woodworth, supra; Wilson v. Vaughn [C. C.] 23 F. 229. There is room for argument against the allowance of exemplary damages at all as anomalous and illogical. Some courts have held that it is unfair to allow the plaintiff to recover not only all the loss he has actually sustained, but also the fine which society imposes on the offender to protect its peculiar interests. But if it be once conceded that such additional damages may be assessed against the wrongdoer, and, when assessed, may be taken by the plaintiff—and such is the settled law of the federal courts—there is neither sense nor reason in the proposition that such additional damages may be recovered by a plaintiff who is able to show that he has lost $10, and may not be recovered by some other plaintiff who has sustained, it may be, far greater injury, but is unable to prove that he is poorer in pocket by the wrongdoing of defendant."

The law relative to the assessment of punitive damages in this district is not different from the general federal rule. In Washington Post Co. v. O'Donnell, 43 App. D. C. 215, where a verdict and judgment for $10,000 was awarded, and it was contended that, in the absence of any showing of actual damage, the judgment could not be sustained as to punitive damage, the court said: "There are a few authorities that support the proposition of the appellants, but the great weight of authority is against it. Punitive damages being given by way of punishment, there is no reason to hold that there must be actual damage, or something more than nominal damage, to justify their imposition. Punitive damages depend not upon the amount of actual damage, but upon the intent with which the wrong was done." And in American Home Insurance Company v. Cerrone, 43 App. D. C. 508, the court, on the authority of the O'Donnell Case, held that it is not necessary that there should be actual damages as a foundation for the recovery of exemplary damages.

But these cases are not strictly analogous to the case at bar. They were actions in tort for damages arising from the alleged wrongful acts of the defendants, and not actions for malicious trespass, dependent upon the wrongful taking of property which has been recovered in a replevin action. In the present case nominal damages for detention was fixed in the judgment in the replevin case, and the record in that case was brought into the present case on motion of counsel for the defendant. To say now that because the actual damages for detention was disposed of in the replevin case, and therefore exemplary damages, which could not be recovered in the replevin case, cannot be recovered in the present action because actual damage has not been found, would result in depriving the plaintiff of her remedy. To recover punitive damages she would be required, on the theory of defendants, to abandon her action in replevin for the recovery of her property, and bring a direct action in trespass.

This contention cannot on any theory of the law or justice be upheld. If nominal damage were held to be essential under the federal rule, as a basis for punitive damages, nominal damage has been found in this case; but under the federal rule, and the rule in this district, proof of actual loss is sufficient to sustain a judgment for punitive damages, and whether the judgment in this case, as rendered on the verdict of the jury, or as later corrected by the court, be considered, it should be upheld.

The fourth assignment of error, relating to the admission and exclusion of evidence, is not discussed in the brief of counsel for appellants, and it will therefore be considered as abandoned.

The judgment is affirmed, with costs.