Earnest A. JACKSON, Appellant,

v.

GENERAL MOTORS ACCEPTANCE COR-
PORATION, a corporation, Appellee.

No. 2134.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 24, 1958.

Decided April 28, 1958.

William R. Leckemby, Jr., Washington,
D. C., for appellant.

James E. Shifflette, Washington, D. C.,
with whom Norman E. Sill, Washington, D.
C., was on the brief for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant brought this suit seeking both
compensatory and punitive damages for
an alleged unlawful repossession of his
automobile by appellee. At the conclusion
of his evidence the court directed a verdict
for appellee and this appeal followed.

In March 1955 appellant purchased a new car from a local dealer under a conditional sales contract. The terms of the agreement provided that appellant was to make a total down payment of $1,170.20 at the time of signing, an additional payment of $86.26 on May 1, and the balance in monthly installments of $61.21 commencing on May 15. The contract also provided that if appellant should default in any of his payments the vendor had the right to repossess and resell the automobile. After appellant made the down payment and took delivery of the car, the conditional sales contract was sold to appellee.

On May 1, a Sunday, appellant was out of the city and did not return until the morning of May 3. He went to appellee's office, made the payment of $86.26 which had been due May 2, and obtained a receipt. About four hours later his car was repossessed. When he learned of this, he spoke to a Mr. Bowling in appellee's office. Mr. Bowling took the receipt and then conferred with another employee who returned appellant's payment of $86.26, at which time appellant demanded the return of his car. Mr. Bowling informed him that in order to get the car he would either have to pay the entire balance in cash immediately or have the car refinanced elsewhere. He also recommended another finance company. Appellant consulted this company, discovered it would cost him considerably more money to have the car refinanced, and notified Mr. Bowling of this fact. Appellant was told that he would be given six days in which to make the required arrangements.

On May 10 this suit was filed. On May 12 appellee's attorneys offered to return the car to appellant and reimburse him for any out-of-pocket expenses. This proposal was refused. Subsequently the car was sold by appellee and the surplus realized from the sale after payment of the debt owed was offered to appellant and likewise refused.

Appellee's motion for a directed verdict was apparently granted on the following grounds: (1) appellant did not introduce any evidence showing the fair market value of the car at the time of repossession to support his claim for compensatory damages; (2) although the partial transcript of the trial before us fails to show why appellant's claim for punitive damages was not submitted to the jury, appellee contends that the trial judge's action was justified because (a) it had the right, under the terms of the conditional sales contract, to repossess the automobile, and thus there was no conversion; (b) there was no evidence of any conduct on its part which would warrant an award of punitive damages; and (c) there was no proof of a necessary element of the claim, i.e., that it had either authorized or ratified the acts of its employees. On appeal, appellant has abandoned his claim for compensatory damages, but urges that the court erred in refusing to permit the jury to consider his claim for punitive damages. We agree.

■ The initial payment was due on May 2 and consequently appellant was in default on the morning of May 3 when he tendered the payment. However, appellee's acceptance of the late payment constituted a waiver of whatever rights it had to declare a forfeiture because of appellant's default.[1] Thus it had no right under the sales contract to possession of the automobile and its retaking of the car was a conversion.

■■ To make out a case of punitive damages it is necessary to show that appellee's conduct was attended by aggravating circumstances, such as willfulness or malice, or showed a wanton, reckless disregard for

---

1. Luke v. Mercantile Acceptance Corp. of California, 1952, 111 Cal.App.2d 431, 244 P.2d 764, 768; Pelton v. General Motors Acceptance Corporation, 1932, 139 Or. 198, 7 P.2d 263, 9 P.2d 128.

the rights of the conditional vendee.[2] We think evidence of such circumstances was present in the instant case. Even assuming that at the time of the actual taking appellee's agents acted without improper motives, appellee's employee, Mr. Bowling, after learning all the facts, not only refused to correct the mistake by returning the car, but proceeded to misrepresent appellant's rights to him. We think the jury could have inferred malice or wantonness from such acts.[3] Appellee relies on its offer to return the car, made after suit was filed, and appellant's refusal to accept it. Appellant, however, was under no obligation to receive back the automobile;[4] indeed, even if he had accepted the car, he could have still maintained the suit for the damages suffered.[5]

Appellant's evidence proved a willful and unjustifiable taking of this property without right. That act, plus the subsequent conduct of the corporation, made out a case which would warrant submission to the jury, under proper instructions, as to whether the acts of the corporation were such a willful disregard of appellant's rights as would entitle him to punitive damages. Of course, on retrial the corporation will have the right to offer evidence negating any wantonness or willfulness on its part or evidence of mitigating circumstances.

We do not hold that appellant is entitled to punitive damages. All we hold is that his evidence without any controverting evidence entitled him to go to the jury on the question.

Reversed.

2. Annotation, 153 A.L.R. 769.

3. See Pelton v. General Motors Acceptance Corporation, supra, note 1, 7 P.2d at page 265. Cf. Wardman-Justice Motors v. Petrie, 1930, 59 App.D.C. 262, 265, 39 F.2d 512, 515, 69 A.L.R. 649, 653.

4. 53 Am.Jur., Trover and Conversion, §§ 65, 116.

5. Whittingham v. Owen, 1890, 8 Mackey 277, 279–280, 19 D.C. 277, 279–280; 53 Am.Jur., Trover and Conversion, § 114.