**FIRST NATIONAL REALTY CO., Appellant,**

v.

**Sarah WEATHERS, Appellee.**

**No. 2415.**

Municipal Court of Appeals for the District of Columbia.

Argued July 13, 1959.

Decided Oct. 1, 1959.

---

Herman Miller, Washington, D. C., for appellant.

David E. Sloan, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge:

This appeal is from a judgment for $1 nominal damages and $500 punitive damages. The claim was based on the action of appellant in a former action in which appellant had obtained judgment by consent against appellee for $134. When the consent judgment was entered it was stipulated that execution be stayed on the condition appellee make payments of $10 a month. After some payments had been made appellant moved to vacate the stay of execution on the ground that appellee had failed to make payments in accordance with the stipulation. Appellee did not contest this motion (she later denied receiving notice of it) and it was granted. Appellant then issued a garnishment against appellee's employer, Bergmann's Inc. Before the garnishee had answered an employee of appellant went to the office of the garnishee and presented to it a praecipe, signed by appellant's attorney. This praecipe, bearing the title of the action, read as follows:

> "The Clerk of said Court will Please release the attachment issued in the above entitled cause against Bergmann's Inc. a/corp., garnishee and enter a credit of $44.81."

Upon receiving this praecipe the garnishee paid over to appellant the sum of $44.81, and thereafter filed its answer to the garnishment admitting that at time of service it was indebted to appellee in the sum of $44.81.

Thereafter appellee moved to reinstate the stay of execution and to quash the writ of attachment. This motion was granted. Appellant then moved for rehearing, but apparently withdrew this motion and no action was taken on it. The present action was commenced by appellee against appellant for $1,500 punitive damages on the ground that appellant's conduct with respect to the garnishment proceedings was unlawful.

At the conclusion of the evidence appellant moved for a directed verdict. The

court denied this motion; and then instructed the jury as a matter of law that the action of appellant in taking the attached funds was unlawful and directed the jury to return a verdict for appellee for nominal damages, and submitted to the jury the question of punitive damages. Appellant's main contention is it was error to instruct the jury that the action of appellant was illegal and without right.

In our opinion the ruling of the trial court was correct. The reinstatement of the stay of execution and the quashing of the attachment, from which no appeal was taken, would seem to establish that the garnishment was unlawfully issued. However, even if the garnishment were lawfully issued it plainly appears that appellant did not proceed in accordance with law. The orderly procedure would have been to wait until the garnishment was answered and then move for judgment of condemnation, for until judgment of condemnation appellant had no right to the attached funds. Instead, appellant by a private arrangement with the garnishee, to which appellee was not a party, obtained possession of the funds. This it had no right to do and the trial court properly ruled that the taking was unlawful.

Appellant argues that the blame should attach to the garnishee for voluntarily paying over the money. The garnishee was not without fault, but this does not relieve appellant of the responsibility for its act in taking the money. Appellant also argues that its action was not unusual but customary in many instances. Assuming this to be a fact, custom cannot make legal that which is illegal.

Appellant's second point is that there was no evidence justifying submission of the question of punitive damages to the jury. We think the jury could have found that appellant deliberately and intentionally, and in reckless disregard of the rights of appellee, obtained funds of appellee without legal process, and that in so doing it acted wantonly and maliciously.

Appellant also complains of the instructions to the jury to return nominal damages when the complaint did not ask for compensatory damages, nominal or otherwise. The evidence showed a wrongful taking of appellee's property and this justified nominal damages. Appellant's real argument is that there cannot be punitive damages in the absence of compensatory damages, but 'that is not the rule in this jurisdiction. Wardman-Justice Motors, Inc. v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648.

Appellant also claims error in the instructions to the jury. Although the instructions were not a model of clarity, we feel that they substantially submitted the issues to the jury. We note that the appellant did not, as permitted by the trial court's Rule 51, file any written request for instructions.

Affirmed.