METRO INVESTMENT CORP., Formerly
District Discount Co., Inc., Appellant,

v.

James W. GROSS, Appellee.

No. 2549.

Municipal Court of Appeals for the
District of Columbia.

Argued April 4, 1960.

Decided June 15, 1960.

Leonard B. Meyers, Washington, D. C., for appellant.

Franklin A. Higgs, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee purchased an automobile under a conditional sales contract, secured by a promissory note. When he defaulted in his payments, appellant, as holder of the note, repossessed and resold the vehicle. It then brought suit against appellee for the resulting deficiency of $470.10. Appellee answered and counterclaimed, requesting the return of the automobile or a money judgment for his equity in the vehicle at the time of seizure, plus punitive damages. He alleged that he had inadvertently mailed his payment to the wrong address and that thereafter appellant, with knowledge of this error, refused to accept payment. Trial was to the court. It found for appellee on appellant's claim and granted judgment for appellee on his counterclaim. This appeal followed.

The record shows that at the time of the seizure of the automobile, appellee was in default in his payments. The contract specified monthly payments in the amount of $65, to begin March 15, 1959. The first payment was made on March 28, the second on May 12, and the last on June 4. No payment was made in April. Appellee testified that he received a telephone call from appellant on July 10 concerning his delinquent account. He explained about the misdirected check and was told that someone would be sent for it, but no one appeared. The following day he discovered that his car had been repossessed. On July 13, he went to appellant's office and tendered his check, which was refused. He was informed that he would have to make two payments, since the next would be due in a few days, along with the repossession charges, in order to obtain the vehicle.

The court held that valid tender of payment was made on July 13 and that its refusal made the repossession wrongful. We disagree. The question presented was whether appellant intended to and did waive its right to repossess. If appellant had accepted the late payment, then unquestionably there would have been a waiver.[1] But the fact that it did not accept

1. Jackson v. General Motors Acceptance Corporation, D.C.Mun.App.1958, 140 A.2d 699, 700.

**834**

the payment does not conclusively show, although it is strong evidence of, an intent to assert and not to waive its rights. When appellee defaulted, appellant had an immediate right of repossession and the right "to subject the property to the satisfaction of the unpaid obligation."[2] Whether appellant intended to waive its rights is a determination which must first be made in the trial court upon all the facts involved in the parties' relationship.[3]

Reversed with instructions to grant a new trial.

---

2. District of Columbia v. Hamilton Nat. Bank, D.C.Mun.App.1950, 76 A.2d 60, 63.

3. See generally, 56 Am.Jur., Waiver, §§ 12, 15, 16 (1947).