Richard P. KUSCHELL, Betty M. Kuschell, Edward M. Rader, Lila Rader, Martin W. Kramer and Lillian G. Kramer, Plaintiffs,

v.

HOTEL PLAYA DE LUQUILLO CORP., Joseph B. Danzansky, and Bernard Libby, Defendants.

Civ. No. 41–61.

United States District Court
D. Puerto Rico,
San Juan Division.

March 12, 1962.

Motors Inc. et al. v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648.

 As the tortious conduct on which the second cause of action of the complaint is based, took place mostly, if not entirely, within the District of Columbia, plaintiffs are entitled to invoke the laws of the District of Columbia as the source of their right to relief on the second cause of action.

Defendants' said motion must therefore be denied.

It is so ordered.

F. J. Perez Almiroty, F. Ponsa Feliu, San Juan, P. R., for plaintiffs.

Gutierrez & Ramirez, San Juan, P. R., for defendants.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on defendants' motion to dismiss the second cause of action or alternatively to strike such language of the amended complaint dealing with punitive damages.

The matter had already been raised and passed by the Court at the time that plaintiffs requested, and obtained from the Court, leave to file said amended complaint.

I have given the matter further consideration in view of the memoranda filed by the parties, but I see no meritorious grounds for changing my original ruling.

◼ Though it is true that there is very little authority in support of plaintiffs' claim that punitive damages may be awarded under the laws of Puerto Rico, there is no doubt that such type of damages are awardable in the District of Columbia. See: Wardman-Justice