**LANDAHL, BROWN & WEED, ASSOCIATES, INC., Appellant,**

v.

**Rufus HOUSTON et al., Appellees.**

**No. 13860.**

District of Columbia Court of Appeals.

Argued July 17, 1979.

Decided Aug. 17, 1979.

Edward DeV. Bunn, Baileys Crossroads, Va., filed a brief for appellant.

Frank E. Howard, with whom Samuel S. Sharpe, Washington, D.C., was on the brief, for appellee.

Before NEBEKER, MACK and FER-REN, Associate Judges.

NEBEKER, Associate Judge:

The appellant urges us to reverse a judgment denying its claim against a garnishee for not withholding the interest on the judgment debt that provided the basis for the writ of attachment. We affirm.

The appellee * was served with a writ of attachment, which ordered it to withhold a defined portion of an employee's

* Throughout, "appellee" refers to the garnishee. The judgment debtor did not appear before us.

wages. The "total balance due," stated on the writ, was $5,582.27. For more than a year, the appellee faithfully withheld the designated portion until the total amount withheld equaled the stated amount. The appellee was thereafter sued for $565.58 of the accrued interest on the amount, on the ground that the appellee's failure to withhold the interest accruals subjected it to liability. Prior to the suit, the appellant never specified the interest that was due. The appellee claims that it could not have been reasonably expected to withhold interest without some communication from the appellant or the court. To counter this argument, the appellant quotes from the writ of attachment:

NOTE: Accruing interest will increase this amount in the future and it is also possible that additional costs accruing under the judgment may increase this total at a later date. It is also possible that payments made independently of this attachment may decease the total balance due. Before ceasing to withhold any disposable wages, under this attachment, it is suggested that you communicate with the plaintiff or his attorney to ascertain that the judgment has been completely satisfied.

The trial judge ruled that this language is not in the form of an order and should not, under the circumstances of this case, subject the appellee to liability under D.C.Code, 1973, § 16–575. We agree. The burden equitably rests on the judgment creditor to calculate and inform the garnishee of the exact amount due. Our conclusion accords with Super.Ct.Civ.R. 69–II(c):

(c) SCHEDULE AND RECEIPT FOR PAYMENTS. Every judgment creditor receiving payments from an employer-garnishee pursuant to the issuance of a wage attachment shall be obligated to credit the payments first against the accrued interest on the unpaid balance of the judgment, if any, second upon the principal amount of the judgment, and third upon those attorney's fees and costs actually assessed in the cause, and *shall send a receipt to the garnishee within 5 days after such payment, which receipt shall set forth the application of such payment pursuant to the schedule aforesaid.* [Emphasis added.]

The garnishee is not a party to the judgment and acts at his peril if he withholds too much or too little. *Compare* D.C.Code, 1973, § 16–573 *with First National Realty Co. v. Weathers,* D.C.Mun.App., 154 A.2d 548, 550 (1959).

Accordingly, the judgment is

*Affirmed.*