Hillsborough,
Mar. 7, 1950. } No. 3882.

LORRAINE COTE & a. v. PETER F. LITAWA.

*Maurice A. Broderick* (by brief and orally), for the plaintiffs.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

LAMPRON, J.   The question to be decided is whether a mother whose child is negligently struck and injured by the automobile of another, may recover for physical injuries caused by the fright or

shock of learning of such injury to her child immediately after its occurrence, the mother not having witnessed the accident, nor been aware of any danger to her child before its happening, nor being in any position to be struck herself or to fear for her own safety.

The case being before us on motions of the defendant to dismiss the mother's action therefor and a count in her husband's action to recover for loss of consortium occasioned thereby, the facts alleged in the plaintiffs' pleadings are to be considered, for the purposes of these proceedings, as true and are to be construed most favorably to the plaintiffs. *Bell* v. *Pike*, 53 N. H. 473, 475; *Shimkus* v. *Caesar*, 95 N. H. 286; 41 Am. Jur. 457.

The defendant while driving his automobile in a driveway situate in the rear of 31 Elm Street in Manchester, for the purpose of parking it in a garage occupied by him there, heard a rattle and a little girl scream. He got out of his car and saw a little girl, who was Patricia, toward the back end of his car. He picked her up, carried her up one flight of stairs in the building at 31 Elm Street, and on being informed that she lived on the third floor, he proceeded farther up and handed the child to Lorraine upon being told by her that this was her daughter.

When the accident happened Lorraine was writing a letter in her room on the third floor and in the front end of the premises at 31 Elm Street. She was eight months pregnant. Upon hearing a lot of commotion in the back yard she went out to the back porch to investigate. When she got there she heard someone say "Patty" and she does not remember much of anything thereafter.

Patricia's leg was bruised and her elbow was scraped. As a result of the shock and fright from the above incident, Lorraine was hospitalized for thirty days and was treated for a longer period.

The fact that Lorraine's injuries consist of fright and shock only (no accompanying physical impact) followed by physical consequences does not affect in any way the question before us for such circumstances do not preclude recovery if negligence and causation are established. *Chiuchiolo* v. *New England &c. Tailors*, 84 N. H. 329. See *Kenney* v. *Len*, 81 N. H. 427; *White* v. *Schnoebelen*, 91 N. H. 273, 275.

The parties are also in agreement that, if the defendant is liable in this case, his liability must arise out of the negligent operation of his automobile, and the plaintiffs have so alleged in their pleadings.

We know of no case in this state, or in any other jurisdiction, and none has been brought to our attention, which has passed on the

precise issue to be decided in this case. The general considerations involved have been discussed in, among others, the cases of *Garland* v. *Railroad*, 76 N. H. 556; *Flynn* v. *Gordon*, 86 N. H. 198; *Lemarier* v. *Company*, 94 N. H. 246; *Hambrook* v. *Stokes Bros.*, 1 K. B. 141 (1925); *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; *Waube* v. *Warrington*, 216 Wis. 603; *Frazee* v. *Western Dairy Products Co.*, 182 Wash. 578; *Carey* v. *Pure Dist. Corp.*, 133 Texas 31; *Hay* v. *Young*, 1943 App. Cas. 92; Restatement, Torts, s. 281, and 1948 Supplement; 49 Harv. L. Rev. 1033, 1040. Its solution involves a consideration of the basic principles of the law of negligence.

The law governing actions for negligence has for its foundation the rule of reasonable conduct, or more fully stated, due care under all the circumstances of the particular case. *Garland* v. *Railroad*, *supra*, 563. "The rule of reasonable care necessarily includes two persons, or one person and some right or property of another. It has to do with one's acts in reference to the person, property, or rights of another. It is a rule of relation. If there is no relation there is nothing upon which the rule can operate. . . . Unless and until one is brought into relation with other men, or property, or rights, he has no obligation to act with reference to them; and that is true whether the obligation be called legal, moral, or reasonable." *Ib.*

Although there is some authority for the proposition that one owes a duty to the world at large to refrain from conduct creating an unreasonable risk of injury to others (see dissenting opinion in *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 350), it has been held in our State, and apparently by the great majority of jurisdictions in this country, and we are of the opinion, that in actions for failure to use ordinary care, a duty toward the complaining party must be shown to exist. That is "in every instance before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which would have averted or avoided the injury." *Palsgraf* v. *Long Island R. R. Co.*, *supra*, 342.

The plaintiffs seeking to impose liability on the defendant in this case must therefore show a breach of a legal duty owed to Lorraine by the defendant, an invasion by his failure to use due care of a legally protected right which she has. To state the matter in more concrete terms the plaintiff Lorraine must establish a legally protected right or interest to be free from shock or fright, with ensuing physical consequences, occasioned by the learning, immediately after its occurrence, of physical injury inflicted on her child by the

negligent operation (as to the child only, not to beg the question) of defendant's automobile; in other words, she must show a duty on the part of the defendant to so conduct himself with respect to the child Patricia, as not to subject the mother, Lorraine, to an unreasonable risk of shock or fright, with ensuing physical consequences, upon her learning immediately after its occurrence of injury inflicted by him on her child.

In our opinion there is no such right in the plaintiff, and no such duty on the defendant. Such consequences are such an unusual and extraordinary result of the careless operation of an automobile that to recognize such a right and impose such a duty would, in our opinion, place an unreasonable burden upon users of highways.

As to the action of Lorraine and the count in the action of Thomas for loss of consortium, the order is

*Judgments for the defendant.*

All concurred.