Hillsborough,
No. 5040.

FRANKLIN W. BARBER, *Guardian*

*v.*

JEAN B. POLLOCK *& a.*

Argued December 4, 1962.

Decided January 31, 1963.

*Charles J. Lincoln* (by brief and orally), for the plaintiff guardian.

*Devine, Millimet, McDonough, Stahl & Branch* (*Mr. Murray Devine* orally), for the defendants.

DUNCAN, J. The declarations in the pending actions alleged that the plaintiff's ward suffered "irreparable mental, emotional, physical and organic injury" as a result of the defendant's conduct in injuring the ward's husband within the ward's view and causing the husband's death. For the purpose of this transfer it is agreed that the ward saw the accident from inside a house about one hundred feet from the scene of the accident, and that "upon

learning of the decease of her husband" she suffered a mental breakdown which occasioned her confinement to the State Hospital. It was also agreed that she had a previous history of mental weakness.

The declarations in these actions alleged that the defendant Jean B. Pollock was under a duty to exercise care to avoid injury "to others lawfully upon [the] highway," and that she negligently failed to exercise such care. In this court however, the plaintiff argues that a duty was also owed to his ward, as a person closely related to the decedent — a duty to operate the automobile so as to avoid probable injury to the ward by reason of her emotional response to injury to her husband. See Prosser, Torts (2d *ed.*) 182; Lambert, 28 NACCA L. J. 33, 56; 41 B. U. Law Rev. 584, 605. The plaintiff relies extensively upon a recent decision of an intermediate appellate court of California in the case of *Amaya* v. *Home Ice, Fuel and Supply Co.*, reported in 205 A.C.A. 468 (Cal. Dist. C.A. 1962), in which a petition for hearing in the Supreme Court has been granted. 206 A.C.A. #4 *p*. (i). There the District Court of Appeals held that an operator should "foresee that the class of persons who may suffer harm from his misconduct includes the parent whose emotional distress issues from the exposure of his child to injury by reason of the negligence." 205 A.C.A. *supra*, 481.

New Hampshire is among the few jurisdictions which have permitted recovery for physical injury resulting from fright where no impact is suffered, by a plaintiff who reasonably apprehended injury from an instrumentality in the defendant's control. *Chiuchiolo* v. *New England &c. Tailors*, 84 N. H. 329. See *Battalla* v. *State*, 10 N. Y. 2d 237; 1961 Annual Survey of American Law 447-452. However no decision in this jurisdiction has gone to the length of permitting recovery under circumstances such as alleged in these cases. *Cote* v. *Litawa*, 96 N. H. 174. We are of the opinion that the ruling of the Trial Court was proper and that these are not cases to which the rule of the *Chiuchiolo* case should be extended. We hold that they are controlled by the principles of *Cote* v. *Litawa, supra*, and that in accordance with the great weight of authority the plaintiff is not entitled to maintain his actions. *McMahon* v. *Bergeson*, 9 Wis. 2d 256; *Resavage* v. *Davies*, 199 Md. 479; Annots. 18 A.L.R. 2d 220; 64 A.L.R. 2d 100, 143, 148. See Restatement, Torts, *s*. 313, *comment* b; Note, 41 B. U. L. Rev. 365, 383-388; *King* v. *Phillips* [1953] 1 Q. B. 429.

The rights of the plaintiff's ward as beneficiary of any pending death action under RSA 556:9-14 are not questioned.

*Exceptions overruled.*

All concurred.