Hillsborough,
No. 5630.

EDITH L. JELLEY

*v.*

RICHARD E. LAFLAME.

Argued September 8, 1967.
Decided February 29, 1968.

*Leonard, Leonard & Prolman* ( *Mr. Richard W. Leonard* orally ), for the plaintiff.

*Sheehan, Phinney, Bass & Green* and *Thomas H. Richards* ( *Mr. Richards* orally ), for the defendant.

PER CURIAM. This is an action by a mother to recover damages for physical harm resulting from fright and shock caused when she witnessed an accident in which her 6 year old daughter

was crushed to death by defendant's truck. The defendant filed a motion to dismiss the action "on the basis that the special declaration fails to state a cause of action." Plaintiff's exception to the granting of this motion was reserved and transferred by *Grimes,* J.

Plaintiff's declaration and her deposition indicate that she was standing on the east side of Route 3 in Merrimack in front of a neighbor's house just south of her own home at the time of the accident. She saw her six year old daughter Terri-Lee, who had alighted from a school bus, standing opposite her home on the west side of this highway. The mother observed Terri start across Route 3 from west to east and, when Terri had reached the middle of the road, saw her struck by defendant's truck, thrown on its fender, then underneath the truck, "rolling and tossing as the truck was going down; and finally, she flew out from under the truck way up." It is alleged that Terri was crushed to death under the wheels of the truck.

It is also alleged in plaintiff's declaration that as a result of witnessing the accident and the death of her child she "was horrified; she became hysterical, upset and depressed, and suffered severe mental anguish; she was forced to seek medical treatment and had to be hospitalized; she was permanently injured thereby."

In *Cote* v. *Litawa,* 96 N. H. 174, 175, this court held that a mother whose infant child was struck and injured by defendant's automobile could not "recover for physical injuries caused by the fright or shock of learning of such injury to her child immediately after its occurrence, the mother not having witnessed the accident, nor been aware of any danger to her child before its happening, nor being in any position to be struck herself or to fear for her own safety."

This court, relying on *Cote* v. *Litawa, supra,* held in *Barber* v. *Pollock,* 104 N. H. 379, that, in accordance with the great weight of authority, a wife, who, from inside a house 100 feet away, saw the defendant's automobile strike her husband, and upon learning of his death suffered a mental breakdown which caused her to be confined to a hospital could not recover.

Among the reasons given for denying recovery in similar cases are lack of forseeability or of proximate cause; lack of fear by the mother for her own safety; and lack of duty on the defendant or of a right in the plaintiff. *Cote* v. *Litawa,* 96 N. H. 174, 177; *Waube* v. *Warrington,* 216 Wis. 603, 613; *Resavage* v. *Davies,* 199 Md. 479; 2 Harper and James, The Law of Torts, *s.* 18.2

*pp.* 1018-1022; Prosser, Law of Torts, *s.* 55, *p.* 352 ( 3d *ed.* 1964 ). However a major consideration in denying recovery has been public policy. This factor was adverted to in *Cote* v. *Litawa, supra,* 177 and was relied on and discussed in the following cases: *Waube* v. *Warrington,* 216 Wis. 603, 613; *Klassa* v. *Milwaukee Gas Light Co.,* 273 Wis. 176, 185; *Colla* v. *Mandella,* 1 Wis. 2d 594, 598, 599; *Amaya* v. *Home Ice, Fuel & Supply Co.,* 59 Cal. 2d 295, 310-315.

"The answer . . . cannot be reached solely by logic . . . it must be reached by balancing the social interests involved in order to ascertain how far defendant's duty and plaintiff's right may justly and expediently be extended." *Waube* v. *Warrington,* 216 Wis. 603, 613. Even if the chain of causation is direct, recovery is denied because its allowance "would place too unreasonable a burden upon users of the highway . . . or would enter a field that has no sensible or just stopping point." *Colla* v. *Mandella, supra,* 599; *Cote* v. *Litawa,* 96 N. H. 174, 177; *Amaya* v. *Home, Ice, Fuel & Supply Co., supra,* 306.

The importance of the above considerations against imposing liability in this type of case has been recognized by a well known advocate of permitting recovery in a case like the present, where the mother was at the scene and witnessed the death of her child. Prosser, Law of Torts, *s.* 55, *pp.* 353, 354. Consequently he has felt it necessary to suggest certain limitations to the allowance of recovery which he has admitted "are quite arbitrary, have no reason in themselves, and would be imposed only in order to draw a line somewhere short of undue liability." *Id.,* 354.

The previously mentioned weighty and well recognized considerations which militate against the imposition of liability in these cases are still persuasive. *Cote* v. *Litawa,* 96 N. H. 174, 177. We are also impressed by the need, if recovery should be permitted, to impose arbitrary and illogical limitations to prevent the undue extension of the liability of an alleged negligent operator such as the defendant in this case. Consequently we are of the opinion that the defendant's motion to dismiss plaintiff's action was properly granted.

We have not considered whether or not recovery would be allowed if the plaintiff herself had been in the path of danger resulting from defendant's negligence. See Restatement ( Second ), Torts, *s.* 313 ( 2 ), *comment* d; *Id., s.* 436 ( 3 ), *comment* f. The reason is that plaintiff's declaration has no such allegation and

she testified in her deposition that she was not "in any danger of being hit or coming in contact with the truck [herself]."

*Exception overruled.*

GRIMES, J., did not sit.