**Aldona Guilmette v. Edwin M. Alexander**

[259 A.2d 12]

No. 5

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 7, 1969

*Langrock & Sperry*, Middlebury, and *Marshall H. Eddy*, Middlebury, on the brief, for Plaintiff.

*French & Miller*, Rutland, for Defendant.

**Shangraw, J.** Plaintiff's declaration states that on the 23rd day of September, 1963, her daughter, Debra Guilmette, age 5, was returning home on a school bus. The bus stopped on the southwesterly side of U.S. Route #7 across from the Guilmette home and discharged Debra therefrom. At that time the bus was displaying flashing red lights.

The defendant, at the time and place, was operating an automobile. It is alleged that he "unlawfully and negligently passed the stopped bus at a high rate of speed, struck Debra, causing her to fly through the air, strike the hard surface of the roadway injuring her severely, all in the presence of the plaintiff." The plaintiff had come out on the front porch of the Guilmette home to greet her daughter and witnessed the accident.

It is also alleged in the declaration that as a direct and proximate cause of witnessing the incident, plaintiff has suffered certain physical illness and injury, along with a sense of fatigue, nervousness, neck and arm discomfort, and periods of marked depression.

Plaintiff seeks to recover damages for pain and suffering including sums expended for medical treatment.

The defendant filed a motion to dismiss the action on the basis that plaintiff, in her declaration, "has failed to set forth a cause of action upon which relief can be granted." The motion to dismiss was granted and judgment entered for the defendant to recover his costs. Plaintiff has seasonably appealed to this Court for review.

A complaint which fails to allege facts showing a duty owing from the defendant to the plaintiff does not state a cause of action in negligence. The right to recover for negligence is based upon a breach of duty owing to the plaintiff and does not accrue derivatively. *Baldwin* v. *State of Vermont and Vermont Railways, Inc.*, 125 Vt. 317, 319, 215 A.2d 492. Thus, negligence can only spring from an unperformed duty. *Beaulac* v. *Robie, et al.*, 92 Vt. 27, 32, 102 A. 88. Foresight of harm lies at the foundation of negligence. *Thompson* v. *Green Mountain Power Corp.* 120 Vt. 478, 483, 144 A.2d 786.

Plaintiff first calls attention to the case of *Savard* v. *Cody Chevrolet Inc.*, 126 Vt. 405, 234 A.2d 656. In that case this Court allowed recovery to the plaintiff who suffered emotionally as a result of "fright from a reasonable fear of immediate personal injury." At page 410 of the opinion this Court stated:

> "Our conclusion is that where negligence causes fright from a reasonable fear of immediate personal injury,

and such fright is adequately demonstrated to have resulted in substantial bodily injury or sickness, the injured person may recover if such injury or sickness would be proper elements of damage if they had resulted as a consequence of direct physical injury rather than fright. This is the more modern rule now followed in most jurisdictions, and we adopt it here."

In *Thompson* v. *Green Mountain Power Corp., supra,* this Court at page 487 of the opinion rejected the traditional "impact rule". This view was later reaffirmed in *Savard* v. *Cody Chevrolet, Inc., supra* at page 408 of the opinion. However, in the *Savard* case, *supra,* recovery was limited to persons within the zone of danger.

The plaintiff now urges that this Court remove the zone of danger limitation and permit the plaintiff to recover for her mental, emotional and physical suffering which resulted, not from fear for her own personal safety, but solely from fear of her child's safety.

Appellant admits that cases in the United States allowing recovery in this type of a situation are very limited, notwithstanding the fact that in England recovery has been allowed since *Hambrook* v. *Stokes Brothers,* (1925) 1 KB 141 was decided.

Plaintiff calls our attention to *Haight* v. *McEwen,* (1964) 251 N.Y.S.2d 839 in which the intermediate appellate court allowed recovery for a mother who witnessed the killing of her son by the defendant's negligently driven automobile, even though the plaintiff was not within the zone of danger, and therefore had no fear for her own safety. *Amaya* v. *Home Ice, Fuel and Supply Company,* (1963) 59 Cal.2d 295, 29 Cal. Rptr. 33, 379 P.2d 513 held contrariwise. Later in June, 1968, by a divided court, California repudiated *Amaya's* zone of danger concept and overruled its holidng in the *Amaya* case, *supra. Dillon* v. *Legg,* 69 Cal.Rptr. 72, 441 P.2d 912.

In February, 1968 the Supreme Court of New Hampshire decided a plaintiff had not stated a cause of action by alleging that she, as a mother, suffered physical harm from fright and shock caused as she witnessed her six year old daughter crushed to death by defendant's truck. In her declaration plaintiff alleged that she was standing in front of her neighbor's house at the time of the accident. Her daughter had

alighted from a school bus on the opposite side of the highway, and as she reached the middle of the road she was struck by defendant's truck and crushed to death under its wheel. *Jelley v. LaFlame,* 108 N.H. 471, 238 A.2d 728. This followed the *Amaya* case, *supra,* with approval.

In *Waube* v. *Warrington,* (1935) 216 Wisc. 603, 613, 258 N.W. 497, 500–501, 98 A.L.R. 394 we find the following statement as it applies to the question now considered:

> "The answer to this question cannot be reached solely by logic, nor is it clear that it can be entirely disposed of by a consideration of what the defendant ought reasonably to have anticipated as a consequence of his wrong. The answer must be reached by balancing the social interests involved in order to ascertain how far defendant's duty and plaintiff's right may justly and expediently be extended. It is our conclusion that they can neither justly nor expediently be extended to any recovery for physical injuries sustained by one out of the range of ordinary physical peril as a result of the shock of witnessing another's danger."

The New Hampshire Court in *Jelley* v. *LaFlame, supra,* cited the *Waube* v. *Warrington* case, *supra,* with approval, stating that liability has been denied in similar cases on several grounds, namely, "lack of forseeability (sic) or proximate cause; lack of fear by the mother for her own safety; and lack of duty by the defendant or of a right in the plaintiff." The New Hampshire Court held that defendant's motion to dismiss plaintiff's complaint was properly granted.

Plaintiff was not in the path of danger, and makes no claim of fear for her own safety.

■ The Court has not yet had occasion to rule specifically on whether allegations such as those of the subject complaint are sufficient to constitute a cause of action. The existence of actionable negligence depends, not upon what happened, but upon what reasonably might have been expected to happen. *In re Humphrey* v. *Twin State Gas & Elect. Co.,* 100 Vt. 414, 422, 139 A. 440, 444, 56 A.L.R. 1011; *Johnson* v. *Cone, et al.,* 112 Vt. 459, 462, 28 A.2d 384. The concept of legal duty is

deep-rooted in American tort law. It is embedded too firmly in our laws to be discarded.

 Chief Justice Holden, in *Baldwin* v. *State and Vermont Ry.*, *supra*, at page 320 recognized that "* * * it has never been suggested that everyone who is adversely affected by an injury inflicted upon another should be allowed to recover his damages." Recovery must be brought within manageable dimensions.

The judgment order granting defendant's motion to dismiss the complaint and entry of judgment in favor of the defendant to recover his costs must be affirmed.

*Judgment affirmed and cause remanded.*