Rockingham
No. 7017

### JOHN DEEM & *a.* v. TOWN OF NEWMARKET

February 28, 1975

*Shaines, Madrigan & McEachern* and *Sanford Roberts (Mr. Robert A. Shaines* orally) for the plaintiffs.

*Devine, Millimet, Stahl & Branch (Mr. Shane Devine* orally) for the defendant; and *Calderwood & Ouellette,* filed no brief.

GRIMES, J. The issue in this case is whether parents who were not present at the scene and were not eyewitnesses to the accident in which their son was killed may recover damages for mental anguish and anxiety caused by the death of their son and in addition damages for the loss of their son's services, society, companionship and of love and affection and the loss of any contributions which would have been made by him to the plaintiffs. We hold that there may not be such recovery.

The plaintiffs each brought an action to recover the damages set forth above. Defendant's motions to dismiss were granted and plaintiffs' exceptions were transferred by *Morris,* J.

Thomas Deem, son of the plaintiffs, was killed when hit by a truck operated by an employee of the defendant town of Newmarket. Neither parent was present, an eyewitness to the accident, nor in the path of danger from the truck involved. In addition to the actions outlined above there is also pending in Rockingham County a wrongful death action brought by Theresa Deem in her capacity as administratrix of the estate of her son.

This court was among the first to recognize the right of recovery for physical injuries caused by fright negligently inflicted without impact. *Chinchiolo v. New England &c. Tailors,* 84 N.H. 329, 150 A. 540 (1930). Since that time the court has several times had

occasion to consider whether to extend the right of recovery to cases where the fright and shock came not from fear for the plaintiff's own safety but from witnessing an accident in which a child or spouse was killed. *See Cote v. Litawa,* 96 N.H. 174, 71 A.2d 792 (1950); *Barber v. Pollock,* 104 N.H. 379, 187 A.2d 788 (1963); *Jelley v. LaFlame,* 108 N.H. 471, 238 A.2d 728 (1968). These cases discussed fully the reasons for denial of recovery even when the plaintiff was an eyewitness to the accident.

Plaintiffs, however, assert that liability exists on the part of the defendant for negligently causing personal injury based on the premise that the plaintiffs' interest in mental tranquility is entitled to legal protection against a defendant's misconduct. *See generally Hamberger v. Eastman,* 106 N.H. 107, 206 A.2d 239 (1964); Comment, *Negligently Inflicted Mental Distress: The Case for an Independent Tort,* 59 Geo. L.J. 1237 (1971); Note, 76 W. Va. L. Rev. 178 (1974). We do not doubt this proposition but only question its scope. *Jelley v. LaFlame supra.*

In support of their position plaintiffs rely heavily on *Dillon v. Legg,* 68 Cal. 2d 728, 441 P.2d 912 (1968), and its most recent progeny, *Leong v. Takaski,* 520 P.2d 758 (Hawaii 1974), which allowed recovery. Both are inapposite. Both cases reach to the outer limits of this area of the law but even in those cases, being present at the scene and an eyewitness to the event were essential elements. No such factors are alleged in the cases before us.

*Jelley v. LaFlame* and *Dillon v. Legg supra* and *Toben v. Grossman,* 24 N.Y.2d 609, 249 N.E.2d 419 (1969), and the other cases cited above fully explore and discuss the reasons for and against allowing recovery including foreseeability, sufficiency of a relationship to create a legal duty, the specter of fraudulent claims, difficulty of containment and other policy considerations. It would not be productive to enlarge upon or repeat what was said in those cases. To uphold plaintiffs' claims would not only require us to overrule *Jelley* and its predecessors but also to extend the right of recovery into an area where no court has yet ventured and allow recovery by a parent who was not only not an eyewitness, but was not even in the general vicinity of the accident. This we decline to do.

Having decided that there is no cause of action, we do not reach the question of the additional elements of damages alleged.

*Exceptions overruled.*

All concurred.