Strafford
No. 7439

AARON PHIPPS, BY HIS MOTHER AND NEXT
FRIEND, LYNNE M. PHIPPS

v.

RONALD B. MCCABE

RALPH R. PHIPPS

v.

RONALD B. MCCABE

July 30, 1976

*Coolidge, Cullinane & Cullinane (John F. Cullinane* orally) for the plaintiffs.

*Burns, Bryant, Hinchey, Cox & Shea* and *Michael F. Farrell (Mr. Farrell* orally) for the defendant.

PER CURIAM. These are actions to recover for personal injuries suffered by the minor plaintiff, Aaron Phipps, allegedly arising from an automobile accident, and for consequential damages to his father. Plaintiff's exception to the trial court's granting of defendant's motion to dismiss both actions for failure to state a cause of action was reserved and transferred by *Mullavey*, J.

On December 31, 1975, the defendant, Ronald B. McCabe, was involved in an automobile accident in Dover, New Hampshire, with another motor vehicle in which Lynne M. Phipps, mother of the minor plaintiff, was a passenger. The plaintiffs allege that as a result of this accident, Mrs. Phipps suffered severe dizziness and

fainting spells. One such spell occurred five days later at her mother's home in Somersworth, New Hampshire, as she was carrying her son down a flight of stairs. The infant fell to the ground, suffering personal injuries. The plaintiff father has incurred medical expenses for his son's treatment.

The defendant's motion to dismiss both cases was properly granted because no cause of action was stated against the defendant. The rule in this State, as in a majority of jurisdictions in this country, has long been as stated in Restatement (Second) of Torts § 281, Comment *c* (1965): "In order for the ... [defendant] to be negligent with respect to the ... [plaintiff], his conduct must create a recognizable risk of harm to the ... [plaintiff] individually, or to a class of persons — as, for example, all persons within a given area of danger — of which the ... [plaintiff] is a member. If the ... [defendant's] conduct creates such a recognizable risk of harm only to a particular class of persons, the fact that it in fact causes harm to a person of a different class, to whom the ... [defendant] could not reasonably have anticipated injury, does not make the ... [defendant] liable to the persons so injured." *Jelley v. LaFlame*, 108 N.H. 471, 238 A.2d 728 (1968); *Barber v. Pollock*, 104 N.H. 379, 187 A.2d 788 (1963); *Cote v. Litawa*, 96 N.H. 174, 71 A.2d 792 (1950).

We do not deem it desirable policy to extend the liability of a negligent automobile operator to an injury so unrelated in time, place and circumstance, nor has any case been brought to our attention in which another court has chosen to do so. As Dean Prosser rightly suggests, the limits of liability must be ascertained by "balancing the social interests involved in order to ascertain how far defendant's duty and plaintiff's right may justly and expediently be extended." *Waube v. Warrington*, 216 Wis. 603, 613, 258 N.W. 497, 501 (1935); W. Prosser, Law of Torts § 43, at 257 (4th ed. 1971). Recovery must at some point be denied because its allowance would place an unreasonable burden upon users of the highway. *Jelley v. LaFlame*, 108 N.H. 471, 473, 238 A.2d 728, 730 (1968); *see Deem v. Newmarket*, 115 N.H. 84, 333 A.2d 446 (1975).

*Exceptions overruled.*

GRIMES, J., did not sit.