Concord District Court
No. 85-492

### THE STATE OF NEW HAMPSHIRE

v.

### EVANGELOS D. LILLIOS

November 7, 1986

*Stephen E. Merrill*, attorney general (*Robert B. Muh*, assistant attorney general, on the brief), by brief for the State.

*Wiggin & Nourie*, of Manchester (*Peter E. Hutchins* on the brief), by brief for the defendant.

## MEMORANDUM OPINION

The defendant, Evangelos D. Lillios, was convicted of speeding in violation of RSA 265:60, and his driver's license was suspended pursuant to RSA 263:57 (Supp. 1985). The defendant asserts on appeal that RSA 263:57 (Supp. 1985) is both unconstitutionally vague and an unconstitutional delegation of legislative authority. He further requests that the order of the Concord District Court (*Sullivan*, J.), suspending his license to operate a motor vehicle in the State of New Hampshire, be vacated. We affirm.

On October 4, 1985, the defendant, a non-resident of New Hampshire, was found guilty of speeding in violation of RSA 265:60. The trial court fined him $137.50 and, pursuant to RSA 263:57 (Supp. 1985), suspended his license to operate a motor vehicle in the State of New Hampshire for twenty days. At trial, the defendant's attorney objected to the sentence, confining the basis of his challenge to the eighth amendment of the United States Constitution, which prohibits the imposition of excessive fines and the infliction of cruel and unusual punishment. Although the defendant properly preserved this issue below, he does not raise it on appeal, and we will, therefore, not consider it.

In lieu of his eighth amendment challenge to the sentence, defendant argues on appeal that RSA 263:57 (Supp. 1985) unconstitutionally violates his rights to due process and equal protection of the laws under both the Federal and State Constitutions. He further argues that RSA 263:57 (Supp. 1985) is an unconstitutional delegation of legislative authority in violation of part I, article 37 of the New Hampshire Constitution. Defense counsel has certified, pursuant to Supreme Court Rule 26(4), that every issue specifically raised in this appeal has been properly presented to the court below by either a contemporaneous objection or an appropriately filed pleading. *Cf.* SUP. CT. R. 16(3)(b).

However, a thorough review of the transcript and pleadings presented to this court fails to reveal an objection by the defense counsel or a suitable pleading filed below which would preserve the specific grounds for objection which are alleged on this appeal. The variance between representations by counsel and fact is of concern to the court but will not be dealt with further here. The defendant limited the ground for his objection at trial and is thereby precluded from relying upon other grounds for his objection on appeal. *State v. Ellard*, 95 N.H. 217, 222, 60 A.2d 461, 464 (1948), *cert. denied*, 335 U.S. 904 (1949). As we stated in *State v. Laliberte*, we will "not consider issues raised on appeal that were not presented in the lower court." *State v. Laliberte*, 124 N.H. 621, 621, 474 A.2d

1025, 1025 (1984); *State v. Shannon*, 125 N.H. 653, 657, 484 A.2d 1164, 1168 (1984). In this instance, the trial court had no opportunity to correct the error presently alleged by the defendant; therefore, no question was preserved for review by this court. *State v. Avery*, 126 N.H. 208, 212, 490 A.2d 1350, 1353 (1985).

*Appeal dismissed.*