Rockingham
No. 88-029

THE STATE OF NEW HAMPSHIRE

V.

ALFRED O'CONNELL

November 4, 1988

*Stephen E. Merrill*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief), by brief for the State.

*Alfred O'Connell*, by brief, *pro se.*

THAYER, J.   The defendant appeals from an order of the Superior Court (*Nadeau*, J.) directing him to produce certain documents to the office of the attorney general (the State) and from the court's refusal to honor the defendant's request not to be compelled to testify. The proceeding below was a judicially supervised deposition conducted pursuant to RSA 358-A:8, which outlines the attorney

general's subpoena power in consumer fraud investigations, and RSA 311:7-b, which authorizes the State to investigate complaints regarding the unauthorized practice of law. We dismiss the appeal.

The defendant properly raises two issues in his notice of appeal: whether the superior court denied him his right to be free from compelled self-incrimination under part I, article 15 of the New Hampshire Constitution and the fifth amendment to the United States Constitution by requiring him to testify at a judicially supervised deposition without a prior grant of immunity; and whether the court's order to produce certain documents which the defendant alleges are already in the State's possession or a matter of public record constitutes impermissible harassment and a denial of his due process rights under both the State and Federal Constitutions.

In August, 1986, the defendant filed *pro se* with this court a notice of appeal in the matter of *Hutchinson Enterprises, Inc. d/b/a Yankee Pedlar Realtors v. Alfred and Marianne O'Connell* (No. 86-371), which was ultimately dismissed as untimely filed. At some point, the State became aware that John A. Settle might have assisted the defendant in preparing his notice of appeal and pleadings with respect to this matter. If the State's belief was correct, Mr. Settle would have been engaged in the unauthorized practice of law in violation of RSA 311:7. *See State v. Settle*, 124 N.H. 832, 837, 480 A.2d 6, 8 (1984). Pursuant to its investigatory powers under RSA 311:7-b, the State asked Mr. O'Connell to speak informally with the attorney general's office regarding his relationship with Mr. Settle. When Mr. O'Connell refused to do so, the State issued a subpoena directing Mr. O'Connell to appear at the attorney general's office to testify and to produce certain documents. *See* RSA 311:7-b, I.

When the defendant refused to appear at the time and place specified in the subpoena, the State petitioned the superior court pursuant to RSA 358-A:8, VII and RSA 311:7-b, III to compel the defendant's compliance and to impose a civil penalty upon him. Again, the defendant did not appear at a hearing set for this matter. The court found the defendant in contempt, fined him, and ordered him to appear at the attorney general's office on September 14, 1987. The defendant did appear on that date, but failed to bring with him all of the requested documents and also refused to answer fully questions relative to his relationship with Mr. Settle. Thereafter, the court issued a contempt order against the defendant directing him to pay a fine and to appear at a judicially supervised deposition on December 18, 1987.

The defendant appeared at this deposition but again did not produce the requested documents. At the time of the deposition, the defendant filed with the court a document entitled "Memorandum of Law in Support of Right to be Free from Compelled Self-Incrimination in an Unauthorized Practice of Law Investigation," wherein the defendant asserted a blanket privilege against answering the State's questions regarding his relationship with Mr. Settle or with the New Hampshire Civil Rights Association. When, during the course of the deposition, the defendant asserted his privilege against self-incrimination, the court informed the defendant of the law relative to invoking the privilege and that there were insufficient grounds for his claiming it with respect to the particular question then pending. The court further advised the defendant that he should raise the privilege in response to particular questions he thought objectionable, and that the court would consider his objections on a case-by-case basis. The defendant answered the pending question and all other questions without further objection on the ground of self-incrimination. The defendant brings this appeal challenging this compelled testimony. The defendant also challenges the court's order to produce the requested documents.

We first address the defendant's claim that the compulsion of his testimony without a prior grant of immunity violated his rights under the New Hampshire and Federal Constitutions. The privilege against self-incrimination extends not only to answers that in themselves would support a conviction, but also to any information sought which would furnish a link in the chain of evidence needed to prosecute. *State v. Avery*, 126 N.H. 208, 212, 490 A.2d 1350, 1353 (1985); *Hoffman v. United States*, 341 U.S. 479, 486 (1951). While we acknowledge that the right to be free from compulsory self-incrimination may apply in a judicially supervised deposition, whether a witness' claim of the privilege is justified is a decision which rests within the trial court's exercise of sound discretion. *State v. Lavallee*, 119 N.H. 207, 210, 400 A.2d 480, 482 (1979); *see Hoffman supra.* Witnesses may not claim the privilege against self-incrimination to create an all-inclusive immunization of their testimony. Rather, the privilege should be raised separately with respect to each question propounded, and the witness should present the court with adequate information upon which it can determine if the privilege applies. *State v. Bell*, 112 N.H. 444, 447, 298 A.2d 753, 756 (1972); *see Hoffman supra.*

Where, as here, the defendant has already answered the State's questions, we need not decide whether, as he argues, his right against self-incrimination was abridged when he refused to

give evidence that could be used against him in a subsequent criminal proceeding. Once a statement has been made, the privilege against self-incrimination may limit the evidentiary use of that statement in a subsequent criminal proceeding. *See In re Sanborn*, 130 N.H. 430, 437, 545 A.2d 726, 732 (1988). The appropriate time to review a claim of the privilege, therefore, as far as the defendant is concerned, would be when the State attempts to use the evidence against him in a criminal proceeding. Until such time, the defendant's claim is premature.

We need not reach the merits of the defendant's second argument, that the court's order to produce documents, copies of which the defendant alleges are either already in the attorney general's possession or public records and accessible to him, constitutes harassment and a denial of his State and federal due process rights, because the defendant failed to preserve the matter for our review. The defendant never raised a claim relating to the requested documents in his memorandum of law, nor did he otherwise put the issue before the trial court. Its order regarding the documents in question, which states that the defendant agreed to provide the State with the requested materials, is supported by the record. At the conclusion of the deposition, the judge indicated to the defendant precisely which documents he would be expected to produce, and the defendant failed to object. Since the trial court did not have an opportunity to address the error alleged by the defendant, this court will not consider the issue on appeal. *State v. Lillios*, 128 N.H. 722, 724, 522 A.2d 986, 987 (1986).

The other issues raised by the defendant were either not preserved for appeal or not raised in his notice of appeal. *See* SUP. CT. R. 16. The defendant's motion for an order directing the State to provide him with a copy of the transcript of the September 14, 1987, deposition is denied without prejudice.

*Appeal dismissed.*

All concurred.