Cheshire
No. 87-407

WILLIAM J. WILDER, ADMINISTRATOR OF THE ESTATE OF
BRYON WILDER & a.

v.

CITY OF KEENE & a.

May 3, 1989

*Devine & Nyquist*, of Manchester (*Lee C. Nyquist* on the brief and orally), for the plaintiffs.

*Faulkner, Plaut, Hanna, Zimmerman & Freund P.C.*, of Keene (*George R. Freund, Jr.*, on the brief and orally), for the defendant City of Keene.

*David Woodbury*, of Bedford, by brief and orally, for the defendant Christopher J. Carson.

*Brown and Nixon P.A.*, of Manchester (*Frank E. Kenison* on the brief), for the New Hampshire Trial Lawyers Association, as *amicus curiae*.

THAYER, J. This is an appeal by the plaintiffs, William J. Wilder and Diane M. Wilder, from an order of the Superior Court (*Hollman*, J.) dismissing their individual claims of negligent infliction of emotional distress for failure to state a cause of action. The plaintiffs' claims arise from a fatal accident involving their eight-year-old son, Bryon. The plaintiffs appeal the trial court's dismissal, arguing that they are entitled to pursue a cause of action for emotional and physical harm where they contemporaneously perceived their son's injuries immediately following the accident and viewed him while he was alive and *in extremis*. For the reasons that follow, we affirm the trial court's dismissal of the plaintiffs' individual claims.

In considering a motion to dismiss, the plaintiffs' allegations are regarded as true. *Gould v. Concord Hospital*, 126 N.H. 405, 406, 493 A.2d 1193, 1194 (1985). The plaintiffs allege the following facts. On June 17, 1985, Bryon Wilder, while riding his bicycle, collided with an automobile driven by defendant Christopher J. Carson, at an intersection on Pako Avenue in Keene. Bryon was rushed to Cheshire Medical Center for treatment. Bryon's mother and father, the plaintiffs, upon learning of the accident went immediately to the hospital, and within approximately one hour after the accident, they saw their son in the hospital emergency room. Although alive, Bryon was *in extremis*, with multiple bruises and abrasions, glazed eyes and blood flowing from his ears. Both parents reacted with great shock. Bryon subsequently died from the injuries. As a result of the emotional distress, and its physical manifestations, the plaintiffs incurred medical bills, lost time from work and suffered permanent emotional disability, lost wages and loss of earning capacity.

The plaintiff William Wilder filed a wrongful death action, as administrator of the estate of Bryon Wilder. Furthermore, each parent filed an action, individually, seeking to recover for the emotional distress caused by the negligence of the defendants, the City of Keene and Christopher J. Carson. The plaintiffs, individually, allege negligence on behalf of the City of Keene for failing to prevent trees and shrubs bordering Pako Avenue from becoming overgrown and creating an unreasonably dangerous condition which obstructed the sight of drivers, pedestrians and bicyclists on Pako Avenue. The plaintiffs further allege that the city was negligent in failing to warn of the obstructed line of sight by failing to post signs which would give reasonable warning of the unreasonably dangerous condition. Against defendant Christopher Carson, the plaintiffs allege that he was negligent in the operation of his vehicle. The plaintiffs seek to recover damages from both defendants for the emotional distress, which manifested itself physically, caused them by their perception of their son's injuries.

The trial court granted the defendants' motions to dismiss the plaintiffs' individual claims against both defendants, finding that the facts alleged did not constitute a cause of action for the negligent infliction of emotional distress. The trial court ruled that the "essential elements of spatial and temporal unity required to make emotional distress a foreseeable consequence of defendants' negligence are clearly lacking."

It is from this ruling that the plaintiffs appeal, raising two arguments in their brief. First, they argue that they should be allowed to pursue an action for damages based on the emotional and physical harm they suffered when they perceived their son's injuries immediately after the accident, and viewed him while he was still alive and *in extremis*. Second, they assert that failure of the court to allow a cause of action would be a violation of their State and federal constitutional rights to a remedy for a civil wrong and to equal protection under the law.

We first consider whether the plaintiffs' claims constitute a cause of action for negligent infliction of emotional distress. The accepted standards for recovery in this area of the law have evolved over the years, and part of the rationale underlying each new standard has been the public policy objective of preventing unlimited and burdensome liability. *See Corso v. Merrill*, 119 N.H. 647, 654–55, 406 A.2d 300, 305 (1979). Accordingly, one of the first standards of recovery recognized in many States was the "impact rule." Under this rule, there could be no recovery for mental distress unless the plaintiff could establish that he or she had "suffered some physical

touching as a result of the defendant's conduct." *Corso,* 119 N.H. at 655, 406 A.2d at 305; *see also* Annotation, *Right to Recover Damages in Negligence for Fear of Injury to Another, or Shock or Mental Anguish at Witnessing such Injury,* 29 A.L.R.3d 1337, 1352 (1970).

Unlike some States, however, New Hampshire declined to apply the impact rule as a bar to recovery in emotional distress cases, *see Chiuchiolo v. New England &c. Tailors,* 84 N.H. 329, 332–35, 150 A. 540, 542–43 (1930) (plaintiff alleged that the defendant negligently allowed a steam pressure gauge to explode, causing the plaintiff emotional distress), and adopted the "zone of danger" rule. *See Corso,* 119 N.H. at 655, 406 A.2d at 305 (citing and overruling *Jelley v. LaFlame,* 108 N.H. 471, 238 A.2d 728 (1968) (plaintiff denied recovery for mental distress when she witnessed, from the side of the road, her daughter being struck and killed by the defendant's truck)). Under the "zone of danger" standard of recovery, "a plaintiff can recover if he can prove that, because of defendant's negligence, he was within the range of physical danger, and as a result, feared for his own safety." *Corso,* 119 N.H. at 655, 406 A.2d at 306; *see also LaFlame,* 108 N.H. at 473–74, 238 A.2d at 730.

More recently still we abandoned the "zone of danger" standard in favor of returning to the traditional tort concepts of foreseeability and causation. *Corso v. Merrill,* 119 N.H. at 651, 656, 406 A.2d at 303, 306. In *Corso,* we permitted the parents a cause of action for negligent infliction of emotional distress where the plaintiffs' daughter was struck and killed by the defendant's car in the street outside the plaintiffs' house, the mother heard a "thud" and then saw her child seriously injured in the street in front of the house, and the father heard his wife's scream and immediately saw the child in the street. *Id.* at 657, 659, 406 A.2d at 307, 308. We ruled that a cause of action for negligent infliction of emotional distress must be based on the causal negligence of the defendant and on the criteria of foreseeability outlined in that opinion. *Id.* at 659, 406 A.2d at 308. These criteria of foreseeability require a close relationship between the plaintiff and the victim, geographic proximity to the accident scene and a close connection in time between the negligent act and the resulting injury. *Id.* at 654, 657, 659, 406 A.2d at 304, 306–07, 308. The time limitation requires a direct emotional impact upon the plaintiffs through their sensory perception of the accident, which must be contemporaneous with the accident, and immediate viewing of the accident victim. *Id.* at 656–57, 406 A.2d at 306–07. Furthermore, the mental and

emotional harm must be accompanied by physical consequences. *Id.* at 658, 659, 406 A.2d at 307–08. Accordingly, in *Corso*, we held "that a mother and father who witness or contemporaneously sensorially perceive a serious injury to their child may recover if they suffer serious mental and emotional harm that is accompanied by objective physical symptoms." *Id.* at 659, 406 A.2d at 308.

The standard of recovery set out in *Corso* reflects an attempt to satisfy two important policy considerations—the need to avoid infinite liability and uncertainty in the law. *See Nutter v. Frisbie Mem. Hosp.*, 124 N.H. 791, 795, 474 A.2d 584, 586 (1984) (interpreting *Corso*). The standard articulated established a clearly defined boundary to recovery, and intentionally denied recovery to the potentially infinite group of parents who are not present when the accident occurs, but who later learn of the accident or later witness their child's injuries and thereby suffer emotional injury manifested by physical symptoms. In the interest of the policy concerns noted there, the line drawn in *Corso* unqualifiedly requires a contemporaneous sensory perception of the *accident*, and not, as the plaintiffs argue, a perception of the *injury* sustained. *See Corso*, 119 N.H. at 653, 656, 657, 406 A.2d at 304, 306, 307. This distinction was specifically noted when this court stated that "recovery will be denied if the plaintiff either sees the accident victim at a later time, or if the plaintiff is later told of the seriousness of the accident." *Id.* at 657, 406 A.2d at 307.

Consistent with our holding in *Corso*, in *Nutter v. Frisbie Memorial Hospital supra*, we denied recovery to parents who viewed their child in the hospital shortly after the child's death. In that case, we refused to extend liability beyond the standard previously established in *Corso*, because to do so "would create a potential cause of action in every parent who learned, by any reasonable means, of his or her child's negligently inflicted death or injury, and as a result suffered emotional injury manifested by physical symptoms." *Nutter*, 124 N.H. at 796, 474 A.2d at 587. We also reiterated one of the foreseeability criteria established in *Corso*; "the parent had to be close enough to experience the accident at first hand . . . ." *Id.* at 795, 474 A.2d at 587.

In the case before us, the parents seek to recover although they neither saw nor heard the accident. Plaintiffs' counsel agreed that there is no claim by the plaintiffs that they either witnessed the accident or were in close proximity to it and saw their son at the accident site. Rather, they argue that they contemporaneously perceived the injury to the child when they arrived at the hospital and witnessed his condition. Furthermore, the plaintiffs assert that

this case is distinguishable from *Nutter*, because they had the misfortune of seeing their son while he was alive, while the Nutters only saw their child after her death.

In light of the above discussion, it is readily apparent that the plaintiffs do not fall within the standard of recovery set out in *Corso*. As the superior court correctly recognized, the requisite foreseeability criteria of geographic and temporal proximity to the accident, necessary for an emotional distress claim, are clearly lacking. The plaintiffs were not sufficiently close to the accident scene to experience a sensory perception of the event. They did not see Bryon until he was at the hospital, approximately one hour after the accident occurred. We also note that the factual distinctions which the plaintiffs draw between themselves and the parents in *Nutter* are irrelevant to our determination. We focus our analysis on whether the plaintiffs observed or perceived the accident when it occurred, not on whether they observed or perceived the injuries their child sustained.

The plaintiffs also argue that they in fact satisfy the time requirement of contemporaneous sensory perception. They direct our attention to this court's decision in *State v. Martineau*, 114 N.H. 552, 324 A.2d 718 (1974), and they assert that a rape victim's hearsay statements, made more than two hours after the event, were contemporaneous with the event and, therefore, were admissible under the excited utterance exception to the hearsay rule. *See Martineau*, 114 N.H. at 556–57, 324 A.2d at 721–22. Relying on *Martineau*, the plaintiffs claim that, in a civil context, an observation which occurs less than one hour after an accident should be considered contemporaneous with the accident.

■ We find this argument unpersuasive. The requirement of contemporaneity in the context of the excited utterance exception to the hearsay rule is aimed at assuring the trustworthiness of the statements at issue, *see* MCCORMICK ON EVIDENCE § 297, at 855 (3d ed. 1984), whereas the necessity of contemporaneity in the context of bystander recovery is intended to limit liability and to assure foreseeability. *See Nutter*, 124 N.H. at 795, 474 A.2d at 586–87. Accordingly, the concept of contemporaneity applied in *Martineau* is not applicable to negligent infliction of emotional distress cases and, therefore, the plaintiffs fail to satisfy the foreseeability requirements established in *Corso*.

In short, the plaintiffs are asking us to disregard *Corso* and *Nutter* and to allow a cause of action where the parents later see the injured child, while alive, at the hospital. We decline this invitation. To allow recovery under the facts of this case would

certainly be contrary to our policy objective of preventing unlimited liability. If we permitted recovery to these plaintiffs we would truly let the genie out of the bottle, *see Corso*, 119 N.H. at 661, 406 A.2d at 309 (Grimes, J., dissenting), and would potentially create a cause of action in every parent who saw his or her child in the hospital and later suffered "emotional injury manifested by physical symptoms." *See Nutter*, 124 N.H. at 796, 474 A.2d at 587. In considering the plaintiffs' arguments, we cannot help but recall Justice Grimes' prophetic concern in *Corso* that liability would continue to expand beyond the situation "where the parent is near enough to hear the accident and then see the child . . . to the situation where the parent is notified of the accident and sees the child in the hospital." *Corso*, 119 N.H. at 659–60, 406 A.2d at 308 (Grimes, J., dissenting). We will not extend or modify the standard articulated there. The plaintiffs therefore do not state a cause of action because they have failed to allege facts sufficient to constitute two of the necessary criteria of foreseeability, those being temporal and geographic proximity to the accident.

With regard to the constitutional questions discussed by the plaintiffs and the *amicus curiae*, we find that they were not raised in the plaintiffs' notice of appeal and, therefore, are not properly before this court. *See* SUP. CT. R. 16(3)(b); *see also State v. O'Connell*, 131 N.H. 92, 95, 550 A.2d 747, 749 (1988).

For the reasons stated above, we affirm the trial court's dismissal of the plaintiffs' claims for negligent infliction of emotional distress for failure to state a cause of action.

*Affirmed.*

All concurred.